## BENNETT *against* HYDE.

Under the general issue in an action of slander, evidence of the good character of the plaintiff, is admissible; this being put in issue, by the nature of the proceeding.

In such action, the plaintiff may prove the amount of the defendant's property, to aggravate the damages.

This was an action of slander, for words, variously stated in different counts, imputing to the plaintiff the crime of perjury. The declaration averred, that the plaintiff, from his youth, had sustained a fair character, and had never been justly chargeable with this crime.

*Windham,*
July,
1825.

Bennet
*v.*
Hyde.

The cause was tried on the general issue, at *Brooklyn, September* term, 1824, before *Hosmer*, Ch. J.

The plaintiff offered evidence to prove the condition of the defendant; particularly, that he was a man of property, being worth from 10,000 to 15,000 dollars. This testimony, though objected to, by the defendant, was admitted.

The plaintiff also offered evidence to shew, that he had always sustained a fair character for truth and integrity; which, though objected to, by the defendant, was admitted, on the ground, that character was in issue, so far as it had been assailed, by the words spoken by the defendant.

In his direction to the jury, the Chief Justice observed, that they were not to enhance damages beyond the justice of the case, because the defendant was a man of abundant property; and that just damages ought not to be restrained, on a principle of humanity, or from fear of oppression. The jury having returned a verdict for the plaintiff, with 800 dollars damages, the defendant moved for a new trial.

*Cleaveland* and *Frost*, in support of the motion, contended,

1. That evidence must be confined to the point in issue. 1 *Phill. Evid.* 126. In this case, evidence to prove the amount of the defendant's property, did not prove, or conduce to prove, any point in issue. The true enquiry is, what is the plaintiff entitled to; not, what is the defendant able to pay. The injury received is the only measure of the reparation due; and *that* does not depend on the amount of the defendant's property.

2. That the general character of the plaintiff was not in issue; and could not be supported, until attacked. 2 *Phill. Evid.* 107. The plaintiff's good character is stated in the declaration only by way of inducement. This is what the law presumes; and it is generally, if not universally true, that what the law presumes cannot be proved, until the presumption is removed, by opposing evidence. *Bamfield* v. *Massey*, 1 *Camp.* 460. Under the general issue in slander, the defendant must come prepared to meet the charge of speaking the words, but not to contest with the plaintiff the claim of a good character.

*Goddard* and *Judson*, contra, insisted, That a new trial ought not to be granted, 1. Because the evidence offered to shew the defendant's condition, was properly received. In the first place, the fact, that the defendant is "a man of substance," aggravates the injury. *Bul. N. P.* 27. Secondly, in this action *exemplary* damages may be given—such as will effectually prevent a repetition of the injury; and in determining the proper amount, you must necessarily look into the condition of the party. What would be sufficient to silence a poor man's slanders, would have no effect but to excite and envenom those of a rich man.

2. The evidence offered to shew the good character of the plaintiff, was properly received. The first allegation in the declaration, lays a foundation for this evidence. *King* v. *Waring & ux.* 5 *Esp. Rep.* 13. *Swifts' Evid.* 140. *Stow* v. *Converse*, 3 *Conn. Rep.* 346. It will hardly be denied, that the value of the character alleged to be injured, may be considered by the jury. *Tillotson* v. *Cheetham*, 3 *Johns. Rep.* 64. The value of character, is the foundation of the action. If this is a proper subject of consideration for the jury, it is, of course, a proper subject of proof. *Larned* v. *Buffington*, 3 *Mass. Rep.* 551.

3. If evidence of the plaintiff's good character be inadmissible, it is, even according to the defendant's claim, because the law presumes it to be good. But a new trial will not be granted, merely because *unnecessary* evidence has been received. The defendant must shew that injustice has been done, by the verdict. 2 *Salk.* 644. note by *Evans*. *Edwards* v. *Evans*, 3 *East* 451. 455. *Hyde* v. *Bailey*, 3 *Conn. Rep.* 467.

HOSMER, Ch. J. The evidence in a cause must be confined to the points in issue; and the character of either party cannot be enquired into, unless put in issue expressly, or by the nature of the proceeding itself. 1 *Phill. Ev.* 139.

In this case, conformably to the established doctrine of our courts, the character of the plaintiff was in issue. It was the object of the defendant's attack; the injury to it is the *gravamen* complained of; and for the vindication of it, the present action was instituted. It was said, by Ch. J. *Kent*, in *Foot v. Tracy*, 1 *Johns. Rep.* 46. 52. "The character of the plaintiff must be considered as coming in, at least collaterally, upon the trial;" and this Court, in *Stow* v. *Converse*, 4 *Conn. Rep.* 42. which was an action for a libel, declared, that "the plaintiff's

*Windham,*
July,
1825.

Bennett
*v.*
Hyde.

character may be proved, because it is in issue." The plaintiff's character is not made the subject of enquiry, at the defendant's option, and shut out of view, or the subject of investigation, as shall best subserve the defendant's pleasure and interest. To a rule so inequitable, for the want of mutuality, the courts in this state have never acceded ; but they have recognized and acted on the principle, that the final object of the plaintiff's suit, is the vindication of his character ; and that his reputation, of consequence, is put in issue, by the nature of the proceeding itself. The case of *Rawson* v. *Hungerford,* in *Middlesex* county, is not merely analogous with this, but goes beyond it. In an action for the breach of a promise of marriage, the character of the plaintiff was considered to be so far in issue as to authorize the reception of evidence, in opposition to the defendant's objection,—not to sustain it from attack, but to prove its excellence

It has been frequently adjudged, in this state, and may be considered as established law, that the plaintiff in an action of slander, may prove the amount of the defendant's property to aggravate damages ; and, on the other hand, that the defendant may recur to the same evidence for the purpose of mitigating them. The same rule is deducible from the law of *Massachusetts,* (*Larned* v. *Buffington,* 3 *Mass. Rep.* 546.) admitting evidence in proof of the plaintiff's rank and condition, to increase the damages, or to lessen them, according as the facts should be found. It is not to be inferred, that the damages are, of course, to be proportioned to the defendant's property ; but merely that property forms an item, which, in the estimate, is deserving of regard. Great wealth is generally attended with correspondent influence ; and little influence is the usual concomitant of little property. The declarations of a man of fortune concerning the character of another, like a weapon thrown by a vigorous hand, will not fail to inflict a deeper wound than the same declarations made by a man of small estate, and, as a consequence not uncommon, of small influence. Property, therefore, may be, and often is, attended with the power of perpetrating great damage, and, in the estimate of a jury, becomes an interesting enquiry. I am not asserting what *ought* to be, but what *is ;* and that the degree of injury, necessarily, is dependent, in some measure, on the considerations before-mentioned. Whether the rule that the amount of the defendant's property, in the action of slander, may be enquired into, originated solely from the principles al-

*Windham,*
July,
1825.

*Bennett*
*v.*
Hyde.

luded to, or from those principles in combination with the justice and propriety of admitting somewhat of a penal sanction, in cases, in which the most atrocious calumny is not punishable in a criminal prosecution, I do not declare. But that such rule does exist, and has uniformly been recognized in our courts, is unquestionable; and it is not the subject of regret, that the reputations of the innocent and estimable thus have an additional shield against the malice of the calumniator.

The other Judges were of the same opinion.

New trial not to be granted.