Fletcher, J.*
It appears by the record of the laying out of the road, in this case, that the town of Braintree is required *548 by the commissioners, as a part of the laying out, to employ an agent to tend the draw in the bridge over the Iron Works river, so called, in Braintree, and to keep lamps therein lighted, in the same way and manner as is provided in the act incorporating the Braintree and Weymouth turnpike corporation.
The commissioners surely had no authority to impose this burden on the town. Towns cannot be required to do any more, in regard to roads, than they are required by statute to do. Then- duties, in this respect, are wholly statutory, and there certainly is no statute requiring them to tend a draw in a bridge over a navigable river. A town may be required to make a road; and every town is obliged to keep the highways within its bounds safe and convenient for travellers. All the duties of towns, in regard to roads, relate to the travel along the highway; but tending the draw in this bridge was not for the benefit of the travel on the road, but wholly for the convenience of the navigation of the river. The law imposes no such burden on a town for the benefit of navigation, and no such burden can be lawfully imposed by the commissioners.
The laying out of the whole road, being one entire act, and the part imposing on the town of Braintree the duty of tending the draw in the bridge being unlawful, and being a material part, which cannot be separated from the rest, the whole laying out is invalid.
It is not necessary to consider the other questions raised in the case. Writ of certiorari to issue.

 The Chief Justice did not sit in this case.