Nov. Term,
1856.

CONWELL
v.
THE PRESI-
DENT & TRUS-
TEES OF CON-
NERSVILLE.

CONWELL and Another *v.* THE PRESIDENT AND TRUSTEES OF CONNERSVILLE.

The act incorporating the town of *Connersville*, (Local Laws 1841, p. 172, s. 8,) provides, that, in the month of *September*, and yearly thereafter, the president and trustees shall determine what goods and chattels, if any, shall be taxed.

*Held*, that, in a suit brought by the corporation for the recovery of taxes, the complaint sufficiently designated the property to be taxed, as "goods and chattels," and was not objectionable for want of a more particular designation.

*Held*, also, that the complaint was not objectionable for not specifically designating the objects for which such taxes were assessed.

Although it is error for the Court to sustain a motion to divide a paragraph that contains but a single answer to the complaint, such error is not material, if the paragraph divided was, as a whole, an insufficient defense to the complaint.

A paragraph of an answer will be insufficient when divided, if it did not, as a whole, contain a defense to the action.

In a suit for taxes assessed by the corporate authorities under a statute that declared all property "within two hundred yards of the corporate line," subject to such taxation, an answer stating that the property on which the taxes sued for are demanded, is "not within the limits of the corporation," is insufficient.

Where the owner of property, upon being called on by the assessor of such town, and requested to furnish a list of his property and its value referred that officer to the county duplicate, who thereupon took off the amount from the duplicate and showed it to the owner of such property, who made no objection thereto; *held*, that the owner is estopped from afterward calling in question the correctness of such assessment.

*Saturday,*
*December* 13.

APPEAL from the *Fayette* Court of Common Pleas.

DAVISON, J.—The complaint charges that *Abraham B.* and *Lafayette Conwell*, as partners under the name of "*A. B. Conwell and Son*," were indebted to the president and trustees of the town of *Connersville* 80 dollars and 50 cents, tax for the year 1853, at the rate of 35 cents on the 100 dollars of valuation. It is alleged that said tax was duly assessed, for general purposes, on 23,000 dollars of real and personal property within the limits of said town for purposes of taxation, viz., on real estate, valued at 13,000 dollars, and on goods and chat-

tels of the value of 10,000 dollars. And that said tax was duly demanded of the defendants, who refused payment, &c. The plaintiffs, with their complaint, filed a bill of particulars which is as follows: "A list of property, real and personal, and goods and chattels assessed, valued, and taxed by the plaintiffs as the property of the defendants for the year 1853, viz., one flouring mill valued at 8,000 dollars, and one pork-house of the value of 5,000 dollars. Also goods and chattels, consisting of goods, wares, merchandize, stock in trade, moneys loaned at interest, on deposit, and in hand, valued at 10,000 dollars." The defendants demurred to the complaint; but their demurrer was overruled. Whereupon they answered—1. That the pork-house and flouring mill mentioned in the bill of particulars, are not, nor is either of them, within the limits of said corporation. *a*. And as to the moneys loaned at interest, on deposit and in hand, the defendants say that they are not inhabitants of said town. [These two paragraphs were originally pleaded as one defense numbered 1, but the Court on the plaintiffs' motion, ordered it to be divided and marked 1. and "*a*," as they now stand. To this ruling, the defendants, at the proper time, excepted.] 2. The said president and trustees never determined what goods and chattels, if any, should be taxed. 3. That 20 of the 35 cents on the 100 dollars of valuation, was levied and assessed for the purpose of raising a fund to purchase a lot of ground, on which to erect a school-house. 4. The defendants were not assessed for the purpose of taxation with any goods, wares, and merchandize, &c., for the year 1853. 5. They were not duly assessed with the property described in said bill of particulars, and the same, as described, was not valued by the authorities of said town. 6. The sixth paragraph is a general denial of the complaint. 7. That said pork-house is not within 200 yards of the corporate limits of the town of *Connersville*.

A demurrer was sustained to the first paragraph.

Nov. Term, 1856.

CONWELL
v.
THE PRESIDENT & TRUSTEES OF CONNERSVILLE.

Nov. Term,
1856.

CONWELL
v.
THE PRESI-
DENT & TRUS-
TEES OF CON-
NERSVILLE.

The other defenses led to issues of fact. Verdict for the plaintiff. New trial refused and judgment.

An act incorporating said town, under which the tax in question was levied and assessed, declares that the president and trustees shall have full power to levy, assess and collect annually a tax on real property of every description within the corporation, and upon such goods and chattels as they shall from time to time designate, not exceeding one per centum on the cash value thereof; and that in the month of *September*, 1841, and yearly thereafter, they, the said president and trustess, shall determine what goods and chattels, if any, shall be assessed and taxed, &c. Local Laws, 1841, p. 172. Further, by an act amending the original act of incorporation, it is provided that, for purposes of taxation and protection from fire, nuisance, and disease, and for voting at all elections for trustees, all persons residing within 200 yards of the corporation line, their dwellings, and the contents and messuage, shall be taken and deemed as residents and within the limits of the corporation; and in like manner for purposes of taxation and protection from fire and nuisance, all shops, mills, factories, business establishments, and buildings, with their appurtenances and contents within said distance of said line, shall also be deemed and taken as within said corporation limits. Local Laws, 1849, p. 124. These are believed to be the only statutory provisions which relate to the questions arising in the record.

The complaint is said to be defective—1. Because it does not show that the goods and chattels upon which the tax was levied had been specifically designated; and 2. The purposes for which it was levied are not shown.

The statute, it is true, requires the corporate authorities to determine what goods and chattels, if any, shall be assessed and taxed. Still when they intend to subject to the purposes of taxation, all property embraced by the terms, " goods and chattels," there seems to be no valid reason why such terms should not consti-

tute a sufficient designation. Indeed the language of the enactment does not necessarily require anything more specific. · We are not prepared to adopt a construction that would make the enumeration of each article of personal property intended for taxation, an essential requirement of the statute.

The second position is equally untenable. There is nothing in the incorporating act that makes it a duty to declare the particular purpose for which a tax is levied. Corporate authorities may be enjoined from making an improper application of corporate funds. 5 Ind. R. 38. but there is no propriety in requiring them, when they levy a tax, to point out the various objects to which it may be applied. In the complaint before us, it is averred that the tax in question was levied and "assessed for general purposes." This averment was obviously sufficient.

The next inquiry relates to the action of the Court in allowing the motion to divide the first paragraph. In point of form, that paragraph was a direct and single answer to the complaint, and was not objectionable on the ground of duplicity. It was, therefore, error to rule its division. Still, the defendants have no right to complain, because the paragraph, while undivided, was substantially defective, and not available as a bar to the action. · Its defect consisted in the averment that the pork-house and flouring mill were not within the limits of the corporation, when in point of law they were liable to be taxed if within two hundred yards of the corporation line. The paragraph being thus defective, its division could not, in any way, injure the defendants.

And, further, the position just assumed, relative to its insufficiency while undivided, being correct, it follows, the demurrer to the first paragraph, as it now stands, was properly sustained.

Again, it is insisted that the assessment was not such as the charter contemplates. The act of 1841, to which we have referred, makes it the duty of the president and trustees to appoint an assessor, who shall appraise and

Nov. Term,
1856.

CONWELL
v.
THE PRESI-
DENT & TRUS-
TEES OF CON-
NERSVILLE.

assess the property liable to taxation. And the evidence shows that *Dawson*, the proper assessor, did appraise and assess the flouring mill and pork-house, and then called upon *Lafayette Conwell*, one of the defendants, for the amount of their personal property, who directed him to the county assessment duplicate for the amount. The assessor accordingly went to the duplicate, took off the amount and showed it to *Conwell*, who made no objection. This was substantially within the requirements of the charter. Ordinarily, the duplicate might not be the proper data upon which to base an assessment; but the defendants having, in this instance, pointed out the mode of ascertaining the value of their property, are estopped from calling in question its correctness. The appellant, in his brief, propounds this inquiry: "Can the appellees tax property lying outside of the corporate limits, and within two hundred yards?" No argument or authority is adduced in relation to the point involved in the interrogatory. Hence, we are inclined to answer briefly, that the act of 1849 invests the president and trustees with full power to tax property within two hundred yards of the corporation line. And we are not advised that that act is in conflict with the constitution.

Two additional points are made in the appellant's brief; but it not appearing in the record that they were made in the Common Pleas, they are not properly before us.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*J. A. Fay*, for the appellants.

*B. F. Claypool*, for the appellees.