## KARNEY v. PAISLEY.

1. WITNESS: COMPETENCY OF THE WIFE. Under § 3983 of the Revision of 1860, the wife is not a competent witness for the husband; and her statements are inadmissible in evidence for the husband.

2. SAME: CONSTITUTIONAL LAW. The Legislature has power, under § 4, art. 1 of the Constitution, to provide that a person interested in the event of a suit shall not be a competent witness therein.

3. EVIDENCE IN SLANDER. In an action of slander the plaintiff may show the pecuniary condition of the defendant in aggravation of damages; and the defendant may be permitted to show the same in mitigation of damages.

4. INSTRUCTIONS. Instructions in slander considered.

*Appeal from Dubuque District Court.*

THURSDAY, APRIL 10.

ACTION for words charging the plaintiff with larceny. The defendant appeals. The material questions raised in the trial below are stated in the opinion of the court.

*Samuels, Allison & Crane* for the appellant. (No argument on file.)

*Wilson, Utley & Doud* and *O'Neill & Harvey* for the appellee.

I. What was said and done when the words complained of were spoken is admissible for the purpose of showing

the feeling which actuated the defendant. *McClintock* v. *Crick*, 4 Iowa, 453; 3 Am. L. C., 203; 3 Phil. Ev., 559; 2 Greenl. Ev., § 418.

II. The court properly excluded the testimony of the defendant's wife. Section 3983 of the ʾRevision of 1860. The evidence of the wife, as to seeing a gold piece drop from the person of the defendant, was not admissible under the plea of justification, because it was hearsay and incompetent. *Bush* v. *Prosser*, 1 Ker., 347; *Larned* v. *Buffington*, 3 Mass., 553; *Root* v. *King*, 7 Cow., 613; S. C., 4 Wend., 114; *Bisby* v. *Shaer*, 2 Ker., 67; 1 Am. L. C., 199; *Casper* v. *Barber*, 24 Wend., 105; *Williams* v. *Miner*, 18 Conn., 464; *Purple* v. *Horton*, 13 Wend., 9; 2 Greenl. Ev., § 275; *Snowden* v. *Smith*, Maule & Selwyn, 287.

III. In an action of slander the plaintiff may give in evidence the pecuniary circumstances of the defendant. *Hostey* v. *Brooks et ux.*, 20 Ill., 115; *Fry* v. *Bennett*, 4 Duer, 247. The assessment roll was properly admitted in evidence to show the pecuniary circumstances of the defendant. 2 Dev., 63; 1 Phil. Ev., 387, note 109; see also *Bennett* v. *Hyde*, 6 Conn., 24: *Jackson* v. *Stetson et al.*, 15 Mass., 55·; *Renkendorff* v. *Taylor*, 4 Pet., 349.

IV. The first instruction was too indefinite, and was properly refused. .

V. When words are actionable, the law implies malice, and the fact that defendant honestly believed them true will not screen him from a verdict for the actual damage caused by his mistake. *Prosser* v. *Brommage*, 4 Barn. & Cres., 247; *Shaw* v. *Sweeney*, 2 G. Greene, 587.

LOWE, J.—A slander case, in which the plaintiff prevailed and the defendant seeks a reversal of the judgment against him, upon several grounds of alleged error.

The first demanding attention is, that his wife, Margaret, was not permitted to testify in his behalf. Section 3983 of

Karney v. Paisley.

the Revision of 1860 excludes her. But it is said this statute is inoperative, because in conflict with the fourth section of the first article of the Constitution. This, we think, is a misconception. There is nothing in the section of the Constitution referred to that takes from the General Assembly, the power to declare that interest in the event of a suit shall disqualify or shall not disqualify a witness, according as it shall in its wisdom think best. If, in the exercise of this power, it is competent for the Legislature to declare that interest in the result of a suit shall not dis-qualify, we suppose it falls equally within the scope of its powers, to restrict, if it thinks proper, a general enactment of this kind, and to say that while interest generally shall not disqualify, a special or peculiar interest, that which, for instance, results from the intimate relations of husband and wife, shall have that effect. And this is just what the Legislature has done in the section of the Code above speci-fied. To hold that it is in conflict with the provisions of the Constitution, is to hold that the language of the section therein named *ex vi termini* precludes all legislation touch-ing the competency of witnesses arising from interest. No such purpose as this, we think, was contemplated by the framers of that instrument. They did intend to guard against religious sentiment or belief of any and every shade being made a test of competency to testify; and it is very possible by the latter clause of the same section they intended to secure the competency of witnesses against other objections ordinarily made; but we think it quite clear that objections founded upon the interest of the witness were left where they always have been, under the control of legislation.

It seems scarcely necessary to allude to a kindred ques-tion made a distinct ground of error, namely, the incompe-tency of the husband to testify to the declaration of the wife. Besides the objection upon the score of hearsay and

identity of rights and interests between the husband and wife, it would seem to follow, as a necessary conclusion, from the incompetency of the wife to testify for her husband under the sanctions of an oath, that her unsworn declarations could not be proved by a third party, and in that way be made evidence.

II. Against the objections of the defendant, the plaintiff on trial was permitted to show the condition of the defendant in point of property and pecuniary circumstances. It is still insisted that the objection was well taken. But to do so, in order to aggravate damages and also to allow the defendant to show his limited means, to mitigate damages, has been a rule of practice so frequently established and followed by the courts that we have no disposition to change it. Experience has not shown the propriety of abolishing such rules upon the ground that they are liable to abuse. It is always in the power of the court, in its instructions to the jury, to guard them against an improper use of such evidence, as we think was very fairly done by the court in its charge to the jury in this case. 20 Ill., 115; 4 Duer, 247; 6 Conn., 24; 3 Mass., 546.

III. The court refused the first, fifth, eighth and eleventh instructions asked by the defense, to which exceptions were made. The first of these instructions is as follows:

"If from the evidence the jury believe that the plaintiff told the defendant she had got the money from her mother, and that if her mother did not say so, she (plaintiff) would give up the money to him, then it is no slander for the defendant to see her mother, tell her what had occurred, and ask her if she had let the plaintiff have the money."

The objection to this instruction is its vagueness. What is meant by the words, "*tell her what had occurred?*" The evidence shows that quite a good many things had occurred before the defendant had his interview with the mother of the plaintiff. He had among other things accused her of

stealing the money and property in question, in the presence of third persons, and stated that he had missed gold coin from his drawer, and that his wife had seen her drop and pick up a gold piece of coin. She denied the charge, said she had got the money of her mother, &c. Now, if he had told all that had occurred to the mother, it would, it seems to us, be slander, if untrue. If he simply asked the mother whether she had at any time let her daughter have a piece of gold coin to the value of five dollars, remarking that there had been a question of dispute between himself and her daughter, this would be a different affair, and would not amount to slander. But how could a court safely give an instruction so indefinite in its terms?

The fifth and eighth instructions refused may be included substantially in the following proposition: "That if the defendant honestly believed that the plaintiff had taken the money, that this was a circumstance which the jury might consider in judging of the motive, and determining the case, even under the plea of justification." The object of these instructions was to give to the defendant the benefit of the fact stated, (if it existed,) as a mitigating circumstance which in law should reduce the amount of the damages. Conceding this to be the right of the defendant, yet, if the court had in his main charge to the jury given substantially these instructions, he was not bound to repeat them in different language at the instance of defendant's counsel. Indeed, the court below discussed in his charge to the jury the very proposition contained in these instructions, quite at length. Among other things, the court said: "The words 'mitigating circumstances sufficient in law to reduce the amount of damages,' are not to be construed as meaning mitigating circumstances legally admissible in evidence, for if so it would leave the law as it was before, so far as the admission of mitigating circumstances are concerned; but it must be considered as referring to such circumstances

as tend to show an honest motive on the part of the defendant, and the absence of malice, for instance, that although mistaken, he believed the truth of the charges," &c. This instruction of the court will be better understood when it is remembered that it was given with reference to the provisions of the Statute, contained in § 2929 of the Revision of 1860.

· So, also, with reference to the eleventh instruction. It was substantially covered by the tenth, which had just been given. This makes it unnecessary to re-state the instruction, and to suggest some additional reasons why it could be properly refused.

A motion for a new trial was overruled, founded upon the foregoing assigned errors, and for the additional reason that the verdict was contrary to the evidence.

· It is confessed that the evidence to our minds is not very satisfactory, yet it does not fall within the familiar rule, which we have repeatedly established for disturbing the judgment below for such a cause.

We are not satisfied, in the condition of the record, that the defendant has been prejudiced by the rulings of the court below, or that a different result would likely be reached by granting a new trial, and therefore the judgment is

Affirmed.