### DETERMINED IN

# THE SUPREME COURT

### OF THE

# STATE OF CALIFORNIA.

[No. 11878.  Department Two. — October 31, 1887.]

## J. F. BARKLY, Appellant, v. J. S. COPELAND,. Respondent.

SLANDER — MITIGATING CIRCUMSTANCES — ALLEGATION OF — REFUSAL TO ·
STRIKE OUT — IMMATERIAL ERROR. — In an action for slander, the refusal
of the court to strike from the answer an allegation of mitigating circum- ·
stances which came to the knowledge of the defendant after the speaking ·
of the defamatory words, is not a prejudicial error, if the court subse-·
quently instruct the jury not to consider such circumstances in mitigation.

EVIDENCE — IMPEACHMENT OF WITNESS — EVIDENCE OF PRIOR SIMILAR :
STATEMENTS. — Where an attempt is made to impeach a witness by show-
ing that his testimony was given under the influence of some motive
prompting him to make a false statement, evidence is admissible to show ·
that he made prior similar statements at a time when the imputed motive ·
did not exist; and the admission of such prior statements before any ·
evidence tending to impeach his motives has been introduced is not a ,
prejudicial error, if such impeaching evidence is subsequently given.

ID. — WEALTH OF DEFENDANT. — In an action for slander, evidence of the ·
financial standing of the defendant is admissible on behalf of the plaintiff.

ID. — CHARGE OF THEFT — EVIDENCE OF SIMILAR THEFTS. — In an action
for slander for charging the plaintiff with being interested with an
alleged confederate in stealing certain cattle, evidence of an attempt
made by the plaintiff to get his confederate to steal other cattle, in fulfill-
ment of a general understanding between them for the theft of cattle, is
admissible in support of the plea of justification, as tending to show the
relations existing between them.

LXXIV. CAL.—1

ID. — EVIDENCE OF CONVERSATION WITH CONFEDERATE. — In such an action, evidence is admissible on behalf of the defendant of a conversation had between the confederate and a third person in reference to the stolen cattle, when it appears that the plaintiff used such third person as a medium of communication between himself and his confederate.

ID. — IMPEACHMENT OF WITNESS — CONTRADICTORY DECLARATIONS. — For the purpose of impeaching a witness, evidence of prior declarations made by him contradictory of his testimony on the trial is inadmissible, unless the attention of the witness has first been called to such declarations.

PRACTICE — ORDER OF PROOF — DISCRETION. — After the plaintiff has closed his case in rebuttal, the court has discretion to permit the defendant, who had been present during the entire trial, to testify fully as to his defense.

APPEAL from a judgment of a Superior Court of Tehama County, and from an order refusing a new trial.

The action was brought to recover damages for a slander, which was alleged to consist in falsely charging the plaintiff with being interested with one Russell Speegle in the larceny of certain cattle, the property of one Thomas Polk, and with receiving the same, knowing them to have been stolen by Speegle. On the trial, the plaintiff, for the purpose of impeaching the testimony of Speegle, called A. J. Clark as a witness, and asked him to state a certain conversation had between himself and Speegle on the night after the latter's arrest. The defendant objected to the evidence, on the ground that Speegle's attention had not been first called to the circumstances of the conversation. The court sustained the objection. The further facts are stated in the opinion of the court.

*Jackson Hatch,* and *Clay W. Taylor,* for Appellant.

In an action for slander, the defendant can only plead in mitigation such facts as were known to him at the time of speaking the defamatory words. The court, therefore, erred in refusing the motion to strike out. (*Hatfield* v. *Lasher,* 81 N. Y. 246; *Bush* v. *Prosser,* 11 N. Y. 347; *Willover* v. *Hill,* 72 N. Y. 36; Townshend on Slander and Libel, sec. 361; *Swift* v. *Dickerman,* 31 Conn.

285; *Dolevin* v. *Wilder*, 34 How. Pr. 488; *Reynolds* v. *Tucker*, 6 Ohio St. 516; 67 Am. Dec. 353; *Whitney* v. *Janesville Gazette*, 5 Biss. 330.) Evidence as to the defendant's financial standing should have been admitted. (*Brown* v. *Barnes*, 39 Mich. 211; 33 Am. Rep. 375; *Hayner* v. *Cowden*, 27 Ohio St. 292; 22 Am. Rep. 303; *Bennett* v. *Hyde*, 6 Conn. 24; *McBride* v. *McLaughlin*, 5 Watts, 375; *Buckley* v. *Knapp*, 48 Mo. 152; *Hosley* v. *Brooks*, 20 Ill. 115; 71 Am. Dec. 252; *Humphries* v. *Parker*, 52 Me. 502; *Karney* v. *Paisley*, 13 Iowa, 89; *Bell* v. *Morrison*, 27 Wis. 68; *Adcock* v. *Marsh*, 8 Ired. 360; *Lewis* v. *Chapman*, 19 Barb. 252.)

*Chipman & Garter, John F. Ellison,* and *L. V. Hitchcock,* for Respondent.

The evidence offered as to the defendant's wealth was inadmissible. (Townshend on Slander and Libel, secs. 57, 391; *Stanwood* v. *Whitmore*, 63 Me. 209; 1 Sutherland on Damages, 745.)

Thornton, J.—Action to recover damages for slanderous words spoken by defendant of plaintiff.

The plaintiff recovered a verdict of one dollar damages. He then moved for a new trial, which was denied, and from the judgment and the above order plaintiff appealed.

In regard to the motion of plaintiff to strike out certain portions of defendant's answer, to which our attention is first called, we will remark that only such mitigating circumstances as were within the knowledge of the defendant when he spoke the words complained of can be alleged in the answer. (See *Willover* v. *Hill*, 72 N. Y. 36; *Hatfield* v. *Lasher*, 81 N. Y. 249.) But as the jury were instructed as to such circumstances in accordance with the above, the error of the court below in refusing to strike out that portion of the answer which set forth the circumstances of mitigation not known to the defendant when he uttered the words counted on worked no injury to the plaintiff.

The defendant offered in evidence the deposition of Russell Speegle, who had been convicted of stealing the cattle of Thomas Polk, in relation to which theft the disparaging words uttered by the defendant had been spoken. Speegle testified to statements made by him to several persons in regard to the theft of the cattle. The statements or declarations were made to Laura Moore, David Burke, Pope, Costello, Mitchell, and I. Speegle, and were testified to by all of the last-named, except Laura Moore, who does not appear to have been called. They tend to corroborate his testimony in regard to the connection of the plaintiff with the stealing of the cattle, by showing that about or not long after his (Speegle's) arrest for the larceny of the cattle, he made statements in regard to it similar to those which he made in his testimony.

The statement to Laura Moore was made shortly before the cattle were taken to the plaintiff. The statements made to the other witnesses were made after his arrest.

The statements were allowed to go to the jury against the objection and exception of plaintiff, and before any evidence impeaching the witness Speegle had been introduced.

It has been held in this state that where an attempt has been made to impeach a witness by proving former contradictory statements, he cannot be supported by evidence that he has made to other persons declarations consistent with his testimony. This ruling was made in *People* v. *Doyell*, 48 Cal. 90, 91. . But in the same case it was said: "Such declarations may, however, be admissible in contradiction of evidence tending to show that the account is a fabrication of late date, when it may be shown that the same account was given before its ultimate effect and operation (arising from a change of circumstances) could have been foreseen; and also, perhaps, in other peculiar cases." (48 Cal. 91.) It has been frequently held that when the witness is charged with testifying under the influence of some motive prompting

him to make a false statement, it may be shown that he made similar statements at a time when the imputed motive did not exist. (See *Gates* v. *People*, 14 Ill. 438; *Stolp* v. *Blair*, 68 Ill. 543; *State* v. *Dennin*, 32 Vt. 158; *State* v. *Vincent*, 24 Iowa, 570; Wharton on Evidence, sec. 570.)

When the evidence objected to was admitted, no evidence impeaching Speegle had been put in.

The declarations of Speegle were offered by defendant in putting in his defense, and the impeaching evidence was offered by plaintiff in rebuttal.

The impeaching evidence consisted of the depositions of three convicts in the state prison, and was to the effect that soon after certain persons representing the defendant had visited the state prison and had an interview with Speegle; that each of them had had an interview with Speegle, in which he said that Barkly had sued Copeland for damages for saying that he was in with him in stealing cattle; that these representatives of the defendant had told him that if he would swear that Barkly was in with him in stealing the cattle they would get him pardoned right away; that Speegle also stated that Barkly was not in with him, but that if there was any way to get out of prison he was going to do it

This testimony introduced by plaintiff tended to show that Speegle was testifying at the trial under the influence of a promise to procure his pardon in case he would so testify as to inculpate the plaintiff; that his testimony had been given under the influence of a motive prompting him to make a false statement. This state of things would undoubtedly bring the case within the rule allowing the prior declarations of like character to be given in evidence to support his testimony, if the impeaching evidence had been offered before the prior statement had been testified to. Is it error for which a judgment of reversal should be here given, because impeaching evidence was not put in before the statements objected to

were introduced? There can be no doubt, we think, that if the court had ruled out the prior declarations of Speegle when offered, it would have ruled correctly. But having admitted the declarations before the introduction by plaintiff of the evidence to impeach, we do not think we should pronounce a judgment of reversal, when we find in the record, though subsequently introduced, evidence which would have authorized the admission of the prior declarations or statements if offered before they were testified to.

The evidence of the witness Snelling, detailing a conversation had by him with Russell Speegle, which came in after the impeaching evidence had been put into the case, was of the character of those just above considered, and was admissible on the same grounds.

The testimony of Russell Speegle concerning an effort of plaintiff, made in June, 1884, to get the witness to steal cattle belonging to Dicus, and drive them to him, was admissible. Speegle details this as a part of the general understanding between him and plaintiff, by which the former was to steal cattle, drive them to plaintiff to be butchered, and the proceeds to be shared between them. We think this evidence was admissible to show the relations and transactions between the witness and the plaintiff as bearing on the question of the stealing of Polk's cattle, and to sustain defendant's plea of justification.

There was no error in admitting the declarations of N. Barkly, plaintiff's driver, to R. Speegle. There was evidence tending to show that the plaintiff had told Speegle (who testified to these declarations) that he could trust this driver, and that plaintiff would report through him to Speegle. The tendency of the above was to show that this driver was to be the medium of communication between Speegle and the plaintiff. The declarations objected to appear to have been made in a report to Speegle of the condition of the cattle stolen by

him and turned over to the plaintiff. The above was evidence of such a relation between Barkly and the driver as rendered his declarations admissible.

Plaintiff offered to prove by defendant that in June, 1885, and at the time of the utterance of the language admitted by him in his answer, he was worth, at least in property, one hundred thousand dollars. The offer was disallowed, and there was exception by plaintiff.

In actions of slander and libel, such evidence has been held admissible in many of the states. We cite the following cases: *Brown* v. *Barnes*, 39 Mich. 211; *Hayner* v. *Cowden*, 27 Ohio St. 292; 22 Am. Rep. 303; *Bennett* v. *Hyde*, 6 Conn. 24; *Buckley* v. *Knapp*, 48 Mo. 153; *Hosley* v. *Brooks*, 20 Ill. 115; *Humphries* v. *Parker*, 52 Me. 502; *Karney* v. *Paisley*, 13 Iowa, 89; *Adcock* v. *Marsh*, 8 Ind. 360; *Lewis* v. *Chapman*, 19 Barb. 252. See also 1 Sutherland on Damages, 743, 745.

Such evidence is admitted on the ground that defendant's wealth is an element in his social rank and influence, and therefore tends to show the extent of the injury suffered from defendant's words (*Buckley* v. *Knapp*, 48 Mo. 163; *Burnett* v. *Hyde*, 6 Conn. 24–27; *Lewis* v. *Chapman*, 19 Barb. 252); and where punitive or exemplary damages are allowed, the evidence is admitted by which to graduate the punishment. (*Burnett* v. *Hyde*, *supra*.) In this case, if the jury had rejected the evidence of the mitigating circumstances, it might have found punitive or exemplary damages.

We are of opinion the court erred in rejecting the offer of plaintiff to introduce the testimony as to defendant's wealth.

The court committed no error in excluding the testimony of Clark concerning a conversation had with Speegle the night after the arrest of the latter, as the proper foundation had not been laid for it by calling Speegle's attention to it.

When the plaintiff had closed his case in rebuttal, the court, against the objection and exception of plaintiff, allowed the defendant, who had been present during the entire trial, to be called, and to testify fully as regards his defense.

While this was a most unusual course, and one not to be commended, still we consider it, under the decisions of this court, as within the discretion of the court, and one which, unless such discretion is abused, cannot be reviewed here. As the plaintiff was not inhibited from offering evidence in reply to that of defendant, and in fact did offer some evidence in reply, we cannot say that there was here such an abuse of discretion as would justify this court in ordering a reversal.

A large number of requests for directions to the jury were asked by both parties. And while some of those asked by plaintiff and refused might well have been given, yet we are of opinion that the instructions as given covered substantially the same points, and fairly presented to the jury the law bearing on the case.

For the error above pointed out, the judgment and order must be reversed, and the cause remanded for a new trial.

McFARLAND, J., and SHARPSTEIN, J. concurred.