Muñiz, Plaintiff and Appellant, *v.* Cortés, Defendant and Appellee.

Appeal from the District Court of Arecibo in an Action for Breach of Contract and Damages.

No. 3072.—Decided May 31, 1924.

Pleading—Admission.—The allegations of an abandoned complaint which was not verified can not be considered as admissions. Such a pleading is rather the work of the attorney.

Id.—Id.—Evidence—Exceptions.—Testimony of witnesses as to statements made by the defendant to them rather after than during the actual course of the negotiations is not admissible in evidence when it is not shown that such statements fall within one of the exceptions established by law.

Contract—Inventory—Evidence.—In this action for breach of contract it was alleged that the defendant had agreed with the plaintiff to purchase, according to an inventory to be made, the stock of a store belonging to the plaintiff, to be delivered to a third person. *Held:* That the inventory was admissible in evidence and the veracity of the witnesses identifying it should be left to the court.

Id.—Damages.—An attempt to claim damages for failure to obtain the price and the speculation as to possible profits are too remote.

The facts are stated in the opinion.

*Mr. J. B. Soto* for the appellant.

*Mr. S. Santoni* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The amended complaint in this case alleged that the defendant had agreed to purchase, in accordance with an inventory, the contents of an establishment belonging to the complainant to be delivered to a third person. The pay-

ment was to be made in a note bearing interest at ten per cent. The delivery was made to the third person. Of all these alleged facts and more the complainant offered evidence. The breach of the agreement was alleged and evidence of the said breach was likewise offered.

The defendant denied in positive terms the evidence of the contract sued upon and gave evidence tending to show that he agreed to be surety for a part of the purchase price, provided the mother-in-law of the third person should also be a surety, and it was said that she declined. The court found a conflict in the proof and decided it in favor of the defendant, especially in the view of the admissions contained in the original complaint.

The original complaint was not sworn to and appellant says it was prepared contrary to his instructions. At the trial the original attorney of the complainant, over objection, was allowed to testify that the complaint was prepared in accordance with instructions.

The admission of this testimony would seem to be error, but it is not made an object of an assignment of error. Ordinarily the communication of the client is privileged and the privilege must be waived by the client.

The facts of one abandoned complaint, unsworn to, are not to be considered as an admission. On this the appellant insists in discussing the alleged error of the court in rendering judgment for the defendant. Such a pleading is considered to be the work of the attorney and should only be considered an admission under some special circumstances not shown here.

Appellant also draws attention to the fact that the variance between the two complaints was not great. The original complaint sought to enforce a guaranty. The amended complaint showed that the agreement was the execution of a note. A misunderstanding of the exact nature of the undertaking could readily arise, especially when the establishment was to be delivered to a third person.

Specific error is assigned with regard to the evidence of two witnesses who testified to statements made to them by the defendant, rather after than during the actual course of the negotiations. In either case the appellee has cited us to nothing that would take these statements outside of the hearsay rule as self-serving declarations. This was not the case where, to rebut the idea of fabrication, the witnesses testified to statements made prior to any motive for fabrication as sometimes justifies the admission; nor was the evidence introduced to rebut an impeachment of the defendant as a witness. The admission of this testimony was error. Wigmore on Evidence, Sec. 1126; Jones on Evidence, Vol. 5, Sec. 869, p. 291 and thereabouts. *Mason* v. *Vestal,* 88 Cal. 396, 398; *People* v. *Doyell,* 48 Cal. 85, 90; *Barkly* v. *Copeland,* 74 Cal. 1, and *Kepp* v. *Silverman,* 25 Mont. 296, 64 P. 884.

The court also erred in refusing to admit the inventory. It was sufficiently identified by witnesses for the complainant whether they were to be believed or not. It was a necessary part of the case of complainant and the court after its admission could still have decided the conflict in favor of the defendant. When the said inventory was offered during the progress of complainant's case the court before admitting it was under no obligation to weigh the truth of statements made by witnesses identifying the said inventory with acts or admissions of the defendant. If this had been the only error, the court not believing the witnesses, there would be no prejudice, as the complainant's case depended on the truth of his witnesses.

The court placed its decision largely on the conflict between the two complaints. In weighing the evidence improper self-serving statements were considered by it. While the evidence of the complainant was robust by reason of the valid evidence of the defendant, there still remains a conflict in the evidence that should be decided by the lower court.

The ruling of the court on the demurrer should be sustained. The attempt to claim damages for failure to obtain the price and the speculation as to possible profits were too remote.

The judgment must be reversed and the case sent back for a new trial.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.