William **WEILER** et ux., Appellants,

v.

Joe G. **WEILER** et al., Appellees.

No. 3521.

Court of Civil Appeals of Texas.

Eastland.

May 13, 1960.

Rehearing Denied June 10, 1960.

Gib Callaway, Brownwood, for appellants.

Frank Sparks, Eastland, Randall C. Jackson, Baird, for appellees.

WALTER, Justice.

William Weiler filed suit against his brothers, Joe Weiler and George Weiler, for title and possession of 200 acres of land in Lubbock County, Texas. The plaintiff and the defendants are above 80 years of age. The defendants pleaded a general denial and filed a cross action alleging they owned said land and asked for a judgment awarding title and possession to them. Based on the verdict, judgment was entered that the plaintiff take nothing and that the defendants recover title and possession of said land.

The parties will be referred to as they were in the trial court. Plaintiff's original petition was filed by another and different attorney than the attorney presently representing him.

In the plaintiff's original petition he alleged substantially as follows: that he and his brother, Joe Weiler, had been partners in the oil business for more than 50 years and that he was bringing this suit for an accounting and settlement of the partnership; that he had an account in his name at the Cross Plains National Bank but the account actually belonged to the partnership. He further alleged, in substance, that he took title to the land involved in this lawsuit in his name as a result of a loan of $5,-000 out of the partnership funds; that on or about October 14, 1938, he conveyed said land to Joe Weiler for the use and benefit of the partnership; that Joe Weiler refused to account to him for his part of the rents and revenue from said land. Plaintiff prayed for a judgment awarding him a complete accounting and title and possession of one-half of said land. This case was tried twice under these pleadings upon the theory that said land belonged to the partnership and plaintiff owned only a half interest in same.

Before the case was tried the third time, plaintiff's first attorney died, and he employed the attorney who is presently representing him who filed an amended petition and a supplemental petition and alleged, in substance, as follows: that said land belonged to him, individually; that he was the owner of the full interest and title and that the partnership had no interest in same; that during the time he was having marital difficulties with his first wife, he conveyed said land to his brother, Joe Weiler, with the understanding that Joe would reconvey it to him upon his request; that he requested Joe to convey said land to him and Joe refused and he filed suit on No-

vember 23, 1955. The plaintiff further alleged in his amended pleadings that the defendant, Joe Weiler, did reconvey said land to him after he filed suit by deed dated February 15, 1956, but the deed was not delivered until the 20th day of October, 1957. Plaintiff alleged in his first amended original petition "Plaintiff related to his attorney the facts as herein set out, but for some reason not then understood by Plaintiff, suit was filed claiming only a one-half interest in the land, when it should have been filed for the full title to said land."

The plaintiff is seeking to justify his present testimony that he owns a full interest in said 200 acres, instead of a half interest as he pleaded in two previous trials, by alleging that he told his first attorney that he was claiming a full interest "but for some reason not then understood by plaintiff, suit was filed claiming only one-half interest in the land."

After the plaintiff filed his pleading alleging that Joe Weiler had reconveyed said 200 acres of land to him, the defendants filed a pleading alleging said deed to be a forgery.

The jury found that Joe Weiler did not sign the deed reconveying said land to William Weiler and that when William Weiler conveyed said land to Joe Weiler in October, 1938, they did not have an agreement that Joe Weiler would deed said land back to William Weiler, and that at the time the $5,000 was loaned to the directors of the Cross Plains bank, it was not agreed between Joe and William Weiler that said loan should be made from the funds of William Weiler.

■ The plaintiff has appealed from such judgment, and by his first points, contends that the court erred in sustaining the defendants' special exceptions to paragraphs 2 and 3 of the plaintiff's first supplemental petition. In paragraphs 2 and 3 of plaintiff's first supplemental petition, we find a number of letters, some of which are from

plaintiff's and defendants' attorneys to their clients, and some of said letters are from their clients to them and all of said letters except the letter written by the plaintiff, William Weiler, to his first attorney, dated October 22, 1955, and the letter from his first attorney to the plaintiff, dated November 4, 1955, were written subsequent to the filing of this suit on November 23, 1955. The order sustaining the defendants' special exceptions was limited to the letters and correspondence between William Weiler and his attorney and all correspondence between the defendant, Joe Weiler, and his attorney. We have carefully studied and considered the letters set out in paragraphs 2 and 3. Some of the letters were from the attorneys to their clients advising them that the case had been set for trial or the case had been postponed. One of the letters contains information concerning a proposed settlement with the recommendation of the attorney that it be accepted. One of the letters is a reply from the client to his attorney refusing to accept his attorney's recommendation of settlement. No abuse of discretion of the trial court or injury to plaintiff resulting from overruling the exceptions has been shown. "Moreover, a large measure of discretion is lodged in the trial court in passing on the exceptions to the pleadings, as well as to the time that he hears the same, and, in the absence of a showing of abuse of discretion or injury resulting from the ruling of the trial court, the ruling will not be disturbed." Southern Underwriters v. Hodges, Tex.Civ.App., 141 S.W.2d 707, 711 (Writ Ref.).

■ Plaintiff next contends the court erred (1) in refusing to permit him to introduce in evidence the original petition filed by his first lawyer, (2) in refusing to permit him to introduce in evidence letters written by the plaintiff to his first lawyer and letters written by his first lawyer to him and (3) in refusing to permit him to introduce in evidence affidavits executed by him. We shall group and discuss the foregoing points which are all germane to the same subject matter.

The plaintiff testified in the present case that he had loaned the Cross Plains National Bank $5,000 of his individual money, and as a result of said loan said land was conveyed to him. He further testified in the present case that when he was having marital difficulties with his first wife, he conveyed said land to his brother, Joe Weiler, who agreed to reconvey it to him upon his request. On cross examination in the present case, the plaintiff admitted that in the two former trials of this case he had testified said land was purchased with funds belonging to Weiler Bros., a partnership composed of the plaintiff and his two brothers who are the defendants herein.

■■ After being impeached by showing that he had testified contrary to his present testimony, he explained the inconsistency of his testimony by saying the lawyer who represented him in the first two trials told him he would have to say "Yes" to that question or he couldn't win his lawsuit. After he had been impeached, the letters and other instruments were offered in evidence by the plaintiff "for the purpose of corroborating and supporting the present testimony of the plaintiff". "Upon the subject of admitting the testimony of the former declarations of a witness in support of his testimony given upon the trial, there is a great contrariety of opinion as to the circumstances which render such admission proper. But two rules are reasonably well established: 1. That in the absence of evidence impeaching the credibility of a witness, such testimony is never admissible. Moody & Jamison v. Gardner, 42 Tex. 411, 414. 2. That whenever a witness is sought to be impeached by showing that he has made declarations inconsistent with the testimony given by him upon the trial and the tendency of such impeaching evidence is to show that the testimony of the witness is, by reason of some motive existing at the time of the trial or of some influence then operating upon him, fabricated, it is proper to admit evidence of his former declarations which corroborate his testimony, *provided such declarations were made at a time when no such motive or influence existed.* (Emphasis ours.) Lewy [& Co.] v. Fischl, 65 Tex. 311; Commonwealth v. Jenkins, 10 Gray [Mass., 485], 489; State v. Flint, 60 Vt. 304 [14 A. 178]; Barkly v. Copeland, 74 Cal. 1 [15 P. 307]. The rules seem not to be seriously disputed, but the question is as to the applicability of the second rule to the facts of this case." Aetna Insurance Co. v. Eastman, 95 Tex. 34.

We hold the court did not err in refusing to admit said letters and instruments because the plaintiff did not show that said letters and instruments were executed at a time when the motive to fabricate did not exist. One of the letters was written about 30 days before and another about 20 days before the plaintiff filed suit. The other instruments were executed after suit was filed. Plaintiff first testified he did not remember when he employed his first lawyer. He was then asked when he hired his first lawyer with reference to the time his suit was filed and he said "In February, I think, 1955; wasn't it?" On cross examination the plaintiff admitted executing an affidavit on the 25th day of November, 1953, which appears to have been filed for record in the Deed Records of Lubbock County, Texas, in March, 1954, the material portions of which are as follows: "My name is William J. Weiler. My brothers J. G. Weiler, and George Weiler, and I did, on or about 1931, acquire 200 acres of land of Section No. 5, Block D, Certificate No. 1040, E. L. RR Company Survey in Lubbock County, Texas, described in Volume 633, page 37 of the Deed Records of Lubbock County, Texas; that this land was originally taken in my name, and it was in my name until on or about October 14, 1938; when I conveyed it to my brother, J. G. Weiler, and the title to said land is still in J. G. Weiler's name, but it is owned at the present time by the three of us, namely, J. G. Weiler, George Weiler, and William J. Weiler; that J. G. Weiler manages this land and the

revenues from the same are kept in a joint bank account; and the income tax returns to the Revenue Office at Dallas, Texas, will record that the income tax from the rents and revenues from this land are paid by J. G. Weiler, George Weiler and William J. Weiler." This instrument was executed by the plaintiff more than a year before he employed his first lawyer which indicates that said land was jointly owned by the plaintiff and the defendants. This instrument also indicates the plaintiff was not claiming a full interest in the land before he employed his first lawyer.

■ Another reason the court did not err in refusing to admit said letters and instruments in evidence is because the instruments and letters contained statements and conclusions which did not tend to corroborate and support the plaintiff's testimony in the present case that he owned a full interest in said land. For example, in the plaintiff's letter to his attorney dated October 22, 1955, we find the following: "He (referring to Joe Weiler) told me then he was not quite ready to but didn't say he wouldn't so I decided while waiting on him to do so I will make my wife an affidavit. I did so in case anything should happen to me, she will be protected and treat my brothers right. That she would get a third interest and that each of them would get a third interest. So to keep down any trouble in the division of the property, I did it that way." The quoted portion not only does not corroborate and support plaintiff's present testimony of owning a full interest in said land but rather indicates that he was the owner of only a one-third interest. Those portions of said letters and instruments which would not be admissible to corroborate and support the plaintiff's present testimony would not be admissible. "The rule is settled that where evidence is offered as a whole, some of which is inadmissible, it is not error for the trial court to exclude the whole upon proper objection." Texas Reciprocal insurance Ass'n v. Stadler, Tex.Com.App., 140 Tex. 96, 166 S.W.2d 121, 125.

"We think no error was committed by the trial court in its ruling here under Texas Company v. Andrade et al., Tex.Civ.App., 52 S.W.2d 1063, and Missouri, K. & T. v. Washburn, Tex.Civ.App., 184 S.W. 580, writ refused, where the rule is stated (page 582): 'But it is equally well settled that where evidence is offered as a whole, only a part of which is admissible, the court does not commit error in sustaining an objection to such testimony. In such case it is not the duty of the court nor of the party objecting to the same to separate the admissible from the inadmissible.'" Kincaid v. Chicago, R. I. & G. Ry. Co. et al., Tex.Civ.App., 119 S.W.2d 1084, 1088. The letters and instruments were offered as a whole and parts of them were subject to the objection made, therefore they were properly excluded.

■ Plaintiff's point that the court erred in refusing to permit him to offer in evidence the flyleaf of an old ledger belonging to the plaintiff containing a memorandum as follows: "Oct. 1938. Trans. Lubbock Farm deed page 24 to J G Weiler Name Only for him to manage for me. Joe verbally agreed to deed farm back at my request. I transferred at same time $10,000 cash to Joe." must be sustained. Section 1 of Artical 3737e of the Vernon's Revised Civil Statutes is as follows: "Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that: (a) It was made in the regular course of business; (b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record; (c) It was made at or near the time of the act, event or condition or reasonably soon thereafter." The plaintiff testified to facts which would satisfy the requirements of a, b, c, of Section 1 of said Article and the memo-

randum written on the flyleaf of said ledger should have been admitted in evidence. The defendants contend that even though it were error for the court to have rejected said evidence in the flyleaf of said ledger, it was a harmless error because the same or similar evidence was admitted in evidence from said ledger. The court permitted plaintiff to introduce in evidence page 24 of said ledger which reads as follows: "1938 I, Wm Weiler own Lubbock Farm Trans. to Joe Weiler's Name Oct 14 1938. Made to J. G. Weiler Name 200 Acs. Land for Business purpose (Only) he verbally agreed to deed it Back at My Request And $10,000.00 Cash Money Also trans. at same time for irrigation on Farm from Star Bank." Several other pages containing facts and figures about said land from said ledger were admitted in evidence. At the top of page 266 we find the following: "This farm is the property of Wm. J. William Weiler" and on page 267 of said ledger we find the following: "Oct 14, 1938, Tran. to J. G. Weiler name Farm and $10,000 cash from Star Bank money."

■ We must examine and consider the record as a whole to determine whether said error probably caused the rendition of an improper judgment. In Walker v. Texas Employers' Insurance Ass'n, 155 Tex. 617, 291 S.W.2d 298, 301 our Supreme Court said: "Reversal may not be predicated upon a simple showing that error occurred and that the jury returned a verdict in some respects favorable to the party the error was reasonably calculated to help."

The evidence admitted from said ledger is substantially the same as the memorandum on the flyleaf that was excluded. When we consider that the jury had before it substantially the same evidence as that which was excluded, and after considering the record as a whole, we cannot say that said error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. The Development of the Doctrine of Harmless Error in Texas, 31 Texas Law Review, pages 1 and 2.

We have examined all of appellants' points and find no merit in them and they are overruled. Judgment affirmed.