## McGurn *versus* Brackett.

Of what may constitute probable cause for a criminal prosecution.

On Exceptions from *Nisi Prius*, Shepley, C. J. presiding.

The defendant had instituted a prosecution against the plaintiff, for a crime, which in fact had not been committed by any one. Defendant insisted that he had probable cause for the prosecution. Witnesses were examined on both sides. The verdict was for the defendant; and the plaintiff filed exceptions.

*Sanborn,* for the plaintiff.

*A. Waterhouse,* for the defendant.

HOWARD, J.—Exceptions were taken to the "refusals of the Court to rule as requested," but not to the instructions given to the jury. The instructions, therefore, will be regarded as correct.

The first request was granted, but the second was refused in the terms in which it was made, and given with qualifications. The request was, that the Court would instruct the jury "that *probable cause* is a reasonable ground of suspicion, supported by circumstances and facts, sufficiently strong in themselves, to warrant an impartial, cautious, and reasonable mind in the belief that the person accused is guilty of the offence with which he is charged." But the instructions were, that the elements of probable cause, embraced in the request, should be such as to warrant an impartial and reasonable mind, *in the exercise of ordinary care and caution,* in the belief of the guilt of the accused. The qualification would seem to be appropriate, so long as minds of the description mentioned may be uncertain and variable in their conclusions. It is not what might be, but what ordinarily would be the conclusion of such minds, in the exercise of ordinary care and caution, under like circumstances, which furnishes the rule in such cases.

The third requested instruction was, "that if one person rashly and hastily causes the arrest and prosecution of another for a crime, which has not been committed, and which, by the use of proper deliberation, care and inquiry, he could have ascertained had not been committed, the assurance of the former, however strong, that the latter was guilty, is not sufficient evidence of the probable cause."

One may " rashly and hastily cause the arrest and prosecution of another, for a crime which has not been committed, and which by the use of proper deliberation, care and inquiry, he could have ascertained had not been committed," and yet have probable cause for the prosecution. He may have been induced to prosecute by the wilful misconduct, or the procure-

ment of the supposed offender; and if he proceeded with ordinary care and prudence, and without malice, he is not responsible, as for the want of probable cause, if he did not use proper or sufficient deliberation. If deliberation, inquiry, and care were required, it would be only such as persons of ordinary care and prudence would use under like circumstances. This request was properly refused.

The fourth requested instruction was, " that malice is not necessarily a grudge against an individual, but that a want of due care and a reckless design to accomplish an object, regardless of the rights of others, may constitute malice."

" The want of due care and a reckless design to accomplish an object, regardless of the rights of others," do not necessarily constitute malice. They may be consistent with an honest purpose, and the kindest and purest intentions. Besides, the presiding Judge might well decline to instruct the jury on general propositions stated by counsel, which assume a state of facts that may have been contested, or which may not have constituted a part of the case. It does not appear that this request should have been granted, or that the cause required other instructions than those given.

*The exceptions are overruled.*