GEORGE H. HOSLEY, Plaintiff in Error, *v.* FRANCIS BROOKS *et ux.,* Defendants in Error.

### ERROR TO COOK.

In an action for slander, the pecuniary circumstances of the slanderer may be given to the jury.

It is no mitigation of the offense to show that the person slandered was quarrelsome.

In a suit for slander, the jury may consider the pecuniary circumstances of the defendant; also that defendant obtruded himself into the house of the plaintiff and offered undue familiarities to his wife, when the offensive words were uttered, in fixing their damages, which may be by way of punishment, as well as for compensation. .

It is not a defense to such an action, to show that the wife of plaintiff used the first harsh words, and that the slanderous words resulted from such previous harsh words.

The time of the speaking of the words as laid in the declaration is not material.

Instructions, unless based upon evidence, should not be given. .

The law will imply malice in the uttering of slanderous words, and heat of passion does not rebut the malice thus implied.

THIS was an action on the case for slander. The declaration is in three counts.

The first count states that in a colloquium on the 17th of October, 1856, with the plaintiff, in the hearing of divers good and worthy citizens, the plaintiff falsely and maliciously spoke and published these several false, malicious, scandalous and defamatory words, of and concerning the said Eunice Brooks, that is to say, " you," meaning the said Eunice Brooks, " are a damned whore, and I," meaning the said plaintiff, " can prove it," meaning that he, the said plaintiff, could prove that she, the said Eunice, was a whore.

The second count states the words to be—" you," meaning the said Eunice Brooks, " are a God damned bitch of a whore."

The third count states the words to be—" you," meaning the said Eunice Brooks, " are a whore." Damages, $2,500.

Plea, not guilty.

A trial was had before a jury, in the Circuit Court of Cook county, at the April term, A. D. 1857, MANNIERE, Judge, presiding, and a verdict of guilty rendered, with $750 damages and costs.

At the trial the plaintiffs below produced *Frederick Guernsey*, who testified that he knew the parties. He was at defendants' house in October, when the plaintiff, Hosley, called there; Hosley knocked at the door, and Mrs. Brooks went and opened it; Hosley came in, put his arms around her neck and kissed her; she (Mrs. Brooks,) then called him a mean dirty puppy, and went into the back part of the house, which was used as a kitchen, to tell Mr. Brooks; Hosley called her all manner of names— a God damned bitch of a whore; she told him to leave the house; he replied that the house was his own, and he should not leave till he got ready; he had a right to say and do what he pleased in his own house; he kicked her, and drew his cane to strike her; Brooks stepped in between them; Hosley called her a damned rip of a whore; said he could prove it; said,

too, he would kill her; his precise words were—" You are a damned bitch of a whore, and I can prove it;" he repeated the language, or language to that effect, several times.

This testimony was corroborated by several witnesses.

W. K. McAllister and Brown & Runyon, for Plaintiff in Error.

Rich & Steele, for Defendants in Error.

Caton, C. J.   This was an action on the case for slander, and the evidence not only proves the words spoken as alleged, but shows the slander to have been of a most unprovoked and malicious character, and accompanied with threats of personal violence, and even an assault, by an attempt to kick Mrs. Brooks. We are of opinion that the defendant below was dealt with most leniently by the jury.   Nor do we find the least semblance of an error in the record.   It is first assigned for error that the court permitted evidence to go to the jury of the pecuniary circumstances of the slanderer.   It is sufficient to say that this has been repeatedly decided by this court to be proper.

The defendant below also proposed to prove that Mrs. Brooks, the person slandered, was a quarrelsome woman, for the purpose of reducing the damages.   This the court properly ruled out.   We are not of the opinion that if she was quarrelsome, that that affected her general character for chastity, or would excuse, or in the least palliate a groundless charge against her of incontinence, or would make such a charge any the less injurious to her.

The following instruction given for the plaintiffs below was excepted to:   " If the jury believe, from the evidence, that the defendant is guilty of uttering the slanderous words charged in the declaration, they may take into consideration the pecuniary circumstances of defendant, and his position and influence in society, in estimating the amount of damages ; and if they shall also find, from the evidence, that the defendant obtruded himself into plaintiff's house, and there offered undue familiarities to Eunice, his wife, at the time and on the occasion of the uttering of the words in question, these circumstances may also be taken into consideration in fixing damages, and the jury in their discretion may give damages by way of punishment to the defendant, proportioned to the circumstances in evidence, as well as for compensation."

It is sufficient to say that every member of this instruction is strictly proper.

The following instructions were asked for the defendant below and refused, and exceptions taken:

" If the jury should believe, from the evidence, that the defendant, Hosley, went to the house of the plaintiff, Brooks, for the purpose of collecting money, and a dispute arose between the parties while there, and that Eunice Brooks was the aggressor, and used the first harsh expressions, and that the words spoken by Hosley were a retort to such expressions, they will find for the defendant.

" If the jury should believe, from the evidence, that there was no malice at the time the words were spoken by the defendant, but that they were spoken in the excitement consequent from the hard words that had previously passed between them, they will find for the defendant.

" If the jury should find, from the evidence, that the words spoken by the defendant were at another and different time than those alleged in the declaration, they will find for the defendant.

" If the jury should believe, from the evidence, that there is a conspiracy between the plaintiffs in this suit, or between them and others, to extort money from the defendant, they will take that into consideration in rendering their verdict."

In this there was no error. The first quoted assumes that if Mrs. Brooks used the first harsh expressions towards Hosley, that justified him in falsely accusing her of the most degrading and revolting offense of which a female can be guilty. Such is not the law. And the second instruction quoted contains substantially the same proposition, and was refused with equal propriety. The third supposes that the time of the speaking the words laid in the declaration was material, which is not the case. The fourth was properly refused, because there was not the least particle of evidence tending to show a conspiracy between the plaintiffs or anybody else, to extort money from the defendant. As well might two payees of a promissory note be accused of a conspiracy to extort money from a maker, when they bring an action upon it to recover the amount due, as to call this a conspiracy.

To the following instructions asked by the defendant below, the words included in brackets were added and then given, and exceptions taken:

" If the jury should find, from the evidence, that the language used by the defendant, Hosley, to the plaintiff, Eunice Brooks, was spoken in jest, and not with malice, their verdict will be for the defendant, [if they also find that the language was so received and understood by the persons present at the time.]

" If the jury shall believe, from the evidence, that the words

were spoken in heat and passion, [and without malice,] then their verdict will be for the defendant, [if they also find that the words were also so understood and regarded at the time.]

" If the jury should find, from the evidence, that Eunice Brooks, one of the plaintiffs in this suit, was a quarrelsome person, [and so exhibited herself at the time,] and that the language alleged and proved to have been used by the defendant to her, was caused by a quarrel between them, they will take that fact into consideration in considering the amount of damages which the plaintiffs are entitled to recover.

" The question of the defendant's malice is a question of fact for the jury upon consideration of all the facts and conversations, and that if they believe the words spoken by the defendant to the plaintiff, Eunice Brooks, were spoken in heat and passion, [without malice,] and without intention to accuse her of the actual crime which the words import, [and that it was so understood by the parties present at the time,] they will find for the defendant."

The first should have been refused altogether, for that was a sort of jesting, which the law under no circumstances can tolerate. There was no pretense of jesting about it, at the time the words were spoken. Even if his gross familiarities with Mrs. Brooks, which she indignantly repelled, were intended by him as a jest, that jesting was entirely over before the slander was uttered. At that time he was under the influence of a more serious mood.

The second, also, should have been refused altogether. Our law implies malice from the speaking of the words, and the heat of the aggressor's passions had no tendency to rebut the malice thus implied.

The qualification to the fourth instruction was proper. No matter how quarrelsome Mrs. Brooks' general disposition might have been, unless that disposition was exhibited on that occasion, it could afford no sort of excuse for the slander. Because she may have been a virago at other times, the defendant had no right to falsely asperse her character for chastity.

What has been already said in reference to the pecuniary instructions is sufficient to show why we hold the qualification given to the last instruction proper.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*