## THE CITY OF CHICAGO

*v.*

## JOHN MARTIN *et ux.*

1. DAMAGES—*exemplary*—*when will not be allowed in actions against municipal corporations.* In an action on the case, against a municipal corporation, for a personal injury sustained by reason of the mere negligence of the corporation to repair a defect in one of its streets, punitive damages will not be allowed, it appearing that such street was not in the business part of the city, and but little used by the public.

2. And it is difficult to conceive of a case, against a municipal corporation, which would justify the allowance of exemplary damages.

3. MUNICIPAL CORPORATION—*have a discretion as to the time when repairs in streets not much in use—shall be made.* Municipal corporations have a discretion as to the time when repairs, in streets not much used by the public, and not in the business part of the city, shall be made; and if a personal injury is sustained by a person, by reason of a defect in any such street, the corporation can not be held guilty of gross negligence, in an action for such injury, and subjected to exemplary damages, for the mere failure to make necessary repairs.

4. DAMAGES—*vindictive will not be allowed*—*where aggression and malice are absent.* The rule is, that in order to justify the allowance of exemplary or vindictive damages, either gross fraud, malice or oppression must appear; and in

31—49TH ILL.

the absence of these elements, the damages can not exceed, and must be confined strictly to compensation for the injury sustained.

5.  FORMER DECISIONS.  The cases of *McNamara* v. *King*, 2 Gilm. 432; *Hosley* v. *Brooks*, 20 Ill. 115; *Bull* v. *Griswold*, 19 ib. 631; *Ously* v. *Hardin*, 23 ib. 403; *Foote* v. *Nichols*, 28 ib. 486; *Hawk* v. *Ridgway*, 33 ib. 473; *Best* v. *Allen*, 30 ib. 30; *Ball* v. *Bruce*, 21 ib. 161, and *Toledo, Peoria & Warsaw Railway Co.* v. *Arnold*, 43 ib. 419, cited in support of the principles enunciated.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action on the case, brought by the appellees, in the court below, against the City of Chicago, the appellant, to recover damages for a personal injury alleged to have been sustained by the appellee, Bridget Martin, by reason of a defect in one of the public streets of the city. The cause was tried before the court and a jury, and a verdict and judgment rendered for the plaintiff, for $1,000, to reverse which, the record is brought to this court by appeal.

Mr. S. A. IRVIN, for the appellant.

Mr. GEORGE A. PARKER, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

There was, probably, some degree of negligence in the city to permit this defect in the culvert to remain so long, but, that thereby; it was guilty of gross negligence, amounting to wilful injury, can not be admitted.  This work was on a street in the city, but not in the business part of it,—rather in the outskirts, which localities have never been supposed to demand, and certainly do not receive, the same attention as more populous and fashionable localities.  And it is right and just that it should be so.  The city authorities of Chicago should take more care of Lake or State street, than they should of streets

in the remotest additions to the city, which, though portions of the city, may not be populous or business portions, and therefore not demanding the same care.   Such was the street in question, and the defects in which, when the accident occurred, were visible to every one, and where the injury received was of a very slight character.   To instruct the jury, under such circumstances, as the court did, in the fifth instruction for the plaintiff, was erroneous.   That instruction told the jury, if they found for the plaintiff, they might give exemplary or punitive damages, in addition to the damages for pain and suffering, if they believe, from the evidence, the city was guilty of gross and wilful negligence in not keeping this street in reasonable repair at the point where the injury was received.

This instruction, doubtless, produced the large verdict of one thousand dollars, for a sprained wrist and a slight hernia.

And how could the city be charged with a wilful injury in this case, for gross negligence amounts to that?   There is no evidence in the record to sustain such a charge.   The neglect to repair this street, was not, under the circumstances, gross or wilful. · It was an unimportant street, not demanding or entitled to the special care of the city, other more important matters demanding their care and the expenditure of the money drawn from labor by taxation.

That, in a proper case, a jury may give exemplary or punitive damages, as they are called, will be admitted.   If a trespass is committed, wantonly or maliciously, upon real property, it has been held, vindictive damages may be given, *Pickens* v. *Towle*, 43 N. H. 220, but whether they should give them or not, is a question which should be submitted, with proper instructions, to the jury.   The mere pecuniary injury received, is not, in such cases, the full measure of damages.   The intention with which the act was done is to be regarded. In *Merest* v. *Harvey*, 1 E. C. Law, 230, which was for trespass, for breaking and entering the plaintiff's close, treading down his

grass and hunting for game, it appeared, the defendant refused to leave, when notified, and used insulting language to the plaintiff. It was held a verdict for five hundred pounds was not excessive. GIBBS, Chief Justice, said, "I wish to know, in a case where a man disregards every principle which actuates the conduct of gentlemen, what is to restrain him except large damages?" So, in trespass *de bonis asportatis*, it was held, in *Treat* v. *Barlon*, 7 Conn. 279, that the jury were not bound by the mere pecuniary loss sustained by the plaintiff, but may award damages for the malice and insult attending a trespass. Generally, where gross fraud, malice or oppression appears, the jury are not bound to adhere to a strict line of compensation, but may, in the shape of damages, impose a punishment on the defendant, and make an example to the community. These are the elements of vindictive actions, so called, in which juries are allowed to give such damages as shall not only compensate the plaintiff, but operate as a punishment to the defendant, and tend to deter him and others from the commission of similar enormities. *Grable* v. *Margrave*, 3 Scam. 373; *McNamara* v. *King*, 2 Gilm. 432; *Hosley* v. *Brooks*, 20 Ill. 115; *Bull* v. *Griswold*, 19 ib. 631; *Ously* v. *Hardin*, 23 ib. 403; *Foote* v. *Nichols*, 28 ib. 486; *Hawk* v. *Ridgway*, 33 ib. 473; *Best* v. *Allen*, 30 ib. 30; *Ball* v. *Bruce*, 21 ib. 161.

In theory, damages are given as compensation for the injury and the allowance of punitive damages, is a departure from the rule, which once obtained both in England and in this country, yet it has become, by repeated decisions, a settled principle in the law, and there is no corrective but the legislature.

This court is not disposed to extend this principle, and embrace within it the mere negligence of a municipal corporation, who must necessarily have a discretion as to the time when they will repair a defect in a street not much used, and not in a business part of the city. We do not think this case

falls within the class where exemplary damages can be given for gross negligence merely. To justify such damages, the act must be wilful, or the negligence must amount to a reckless disregard of the safety of persons or property. We have found some cases expressing a different view, but in the doctrine of which we are not inclined to concur. One is the case of *Whipple* v. *Walpole*, 10 N. H. 130, where it was held, in an action for damages arising from a defect in a bridge which the defendants were bound to repair, exemplary damages might be given, in case the defendants had been guilty of gross negligence. The others were cases against the *N. O., Jackson & Great Northern R. R. Co.* v. *Hurst*, 36 Miss. 660, and *the same* v. *Bailey*, 40 ib. 395 ; *Vicksburg & Jackson R. R. Co.* v. *Patton*, 31 ib. 156; *Bowen* v. *Lane*, 3 Metc. (Ky.) 311, the appellant being the owner of a railroad.

The case in 36 Miss. *supra*, shows most clearly, if correctly decided, there is no limit to which a jury may not go in awarding exemplary damages. There the plaintiff was carried four hundred yards beyond a station, and the conductor, refusing to return, put him off, so that he had to walk back with his valise to the station ; the jury awarded him four thousand five hundred dollars, which the court refused to set aside, saying, "the law, in such cases, furnished no legal measurement, save the discretion of the jury !"

We prefer the doctrine of the Supreme Court of Missouri, in *Kennedy* v. *North Mo. R. R. Co.*, 36 Mo. 351, that, to authorize the giving of exemplary or vindictive damages, either malice, violence, oppression or wanton recklessness must mingle in the controversy. The act complained of must partake of a criminal or wanton nature, else the amount sought to be recovered must be confined to compensation.

This court has never sanctioned the doctrine contained in this instruction, and would be very unwilling to follow those courts which do. The cases referred to by appellees' counsel, as decided by this court, do not bear upon this point at all. They

merely say, that if a wrong instruction has been given, it does not follow the judgment will be reversed, if, from the whole record, it is manifest substantial justice has been done. The farthest this court has gone in this direction, was in the case of *Peoria Bridge Association* v. *Loomis*, 20 Ill. 236, not cited by appellees' counsel, where we said, *arguendo*, that a jury might give exemplary damages in cases of wilful negligence or malice, if the proof exhibits such a state of case, and that, to constitute wilful negligence, the act done or omitted, must be the result of intention, and that mere neglect could not, ordinarily, be ranked as wilfulness, and then the court proceed to lay down the rule of damages for personal injuries resulting from the negligence of others. We say, they must be measured by the loss of time during the cure, and expense incurred in respect of it; the pain and suffering undergone by the plaintiff, and any permanent injury, especially when it causes a disability for further exertion, and consequent pecuniary loss. *Hunt* v. *Hoyt*, 20 Ill. 544, is to the same effect.

It is scarcely conceivable that a case could be made against a municipal corporation, justifying punitive damages, and it is of such we are treating. The city is not a spoliator, and should not be visited by vindictive damages. Where aggression and malice are absent, the damages can not exceed compensation for the injury done—in other words, they can not be punitive. *Toledo, Peoria & Warsaw Railway Co.* v. *Arnold*, 43 Ill. 419.

For the error in giving the fifth instruction, the judgment is reversed and the cause remanded for further proceedings, consistent with this opinion.

*Judgment reversed.*