## COLEMAN *vs.* ALLEN.

1. In an action for malicious prosecution, there can be no recovery without a concurrence of the want of probable cause with malice. Section 2983 of the code, which provides that "want of probable cause shall be a question for the jury, under the direction of the court, and shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused," settles an instance in which the court and jury shall recognize the absence of probable cause, but is not exhaustive of all cases of such absence. There was, therefore, no error in charging, in substance, that probable cause means nothing more than reasonable grounds, and is that apparent state of facts which seems to exist after reasonable and proper inquiry; and in submitting to the jury to determine whether or not the defendant acted on probable cause and without malice, and to find out what his diligence was as to the matter. This, when taken in connection with the whole charge, was not error. (Rep.)

(a) It was error, after charging the jury to take into consideration the whole case and see whether the defendant acted with ordinary care, and as a man of ordinary prudence would act under the same circumstances, to add, "or as you would act under the circumstances," thus making the jury the standard of propriety. (Rep.)

2. The doctrine sustained by the opinion of two members of the court

Coleman *vs.* Allen.

of exchequer in the case of Stevens *vs.* The Railway Company and Lander, 10 Exch. 352, to the effect that any motive other than that of simply instituting a prosecution for the purpose of bringing a person to justice, is a malicious motive, and that a prosecution, not for the purpose of punishing the defendant, but to make an example to others, is ample evidence of malice, is not recognized as applicable to the present case. The motive of a prosecutor, who avows that he does not want to hurt the accused, but simply wants to make him an example to deter others, if he believes the accused to be guilty, and has good and probable grounds upon which to base his opinion, is not a malicious one. (Rep.)

3. Under §4600 of the code, the gist of the offence for which punishment is therein prescribed, is the fraudulent sale or disposition of mortgaged personal property. If such a sale or disposition be made, and loss is thereby sustained by the holder of the mortgage, whether by the loss of the security or the value thereof, or by being put to more expense in collecting the debt, or in prosecuting the remedies of the mortgagee, the offence is complete. The loss mentioned in the statute does not necessarily refer to a loss of the debt, or any part of it, nor will the solvency of the debtor outside of the mortgaged property, of itself, prevent such a sale or disposition from being a violation of the law. (Rep.)

4. While it is true that, when a mortgage is foreclosed and the *fi. fa.* placed in the hands of the levying officer, it is his duty to find and levy upon the property, and a failure of the mortgagor either to produce or point it out to the officer will not be an offence, yet it may be a very strong circumstance to indicate fraud, if the mortgagor will not assist the officer to find the property. (Rep.)

5. In a suit for malicious arrest and malicious prosecution, it was not error to charge that " in cases of this character," there is no exact measure of damages, except the enlightened conscience of impartial jurors, and that the worldly circumstances of the parties and all the attendant facts should be weighed, as provided in §3067 of the code; but where a part of the case was subject to this rule, and as to another part there was a measure of damages, by reason of proof of expenses, loss of time, and the like, the court should have discriminated between the two parts of the case and should not have left the entire measure of damages to the unlimited discretion of the jury. (Rep.)

(*a*) The expression, " in cases of this character," used in the charge, was different from that in the case of *Ransone vs. Christian*, 49 *Ga.* 491, where the expression was, " in this case." (Rep.)

6. In actions for malicious prosecution, where the very essence of the injury is that it proceeded from malice, evidence of the pecuniary circumstances of the defendant is admissible. (Rep.)

(*a*) This case differs from that of the *Ga. R. R. vs. Homer*, 73 *Ga.* 251. (Rep.)

7. Some authorities hold (and §3067 of the code may possibly bear that construction) that, where the pecuniary circumstances of the defendant are admissible in evidence to be considered in graduating damages, those of the plaintiff also are admissible for the like purpose. In this case, evidence of the pecuniary circumstances of the plaintiff were admissible on another ground, namely, to throw light upon his dealings with the mortgaged property and the motive that actuated the same. (Rep.)
8. Where objection was made to a question asked of the wife of the plaintiff as to whether her husband, on being arrested, was disturbed or troubled, but no objection was made to the evidence elicited, and upon looking at the brief of evidence, the answer appears to be legal, the exception to the question is of no consequence. (Rep.)

February 1, 1888.

Malicious Prosecution. Probable Cause. Words and Phrases. Charge of Court. Malice. Damages. Mortgages. Criminal Law. Evidence. Practice in Supreme Court. Before Judge HARRIS. City Court of Macon. March Term, 1887.

Reported in the decision.

LOFTON & MOORE; BACON & RUTHERFORD, for plaintiff in error.

DESSAU & BARTLETT, for defendant.

BLECKLEY, Chief Justice.

Allen mortgaged to Coleman & Newsom a mule and a one-horse wagon. Newsom died, and Coleman, as surviving partner, foreclosed the mortgage. A mortgage *fi. fa.* was issued; search was made for the property, and it was not found. Certain information came to Coleman indicating that the property had been disposed of by Allen. Coleman took the advice of counsel learned in the law, and, thereupon, made the requisite affidavit to impute an offence under §4600 of the code, charging that the property had been fraudulently disposed of, procured a war-

rant for the arrest of Allen, and Allen was arrested, detained in custody upon the streets of Macon a few hours, and was then permitted to go home, on his promise made to the sheriff to return and give bond. Afterwards he returned and gave a bond for his appearance to answer the charge. At a subsequent term of the city court of Macon, another affidavit was made by Coleman charging that the property had been fraudulently sold and disposed of. Upon that affidavit an accusation was framed, and Allen was tried and acquitted; after which he brought his action against Coleman for malicious arrest and malicious prosecution, founding his action upon both proceedings, that is, the warrant, his arrest under it, and the subsequent prosecution in the city court. He laid damages in his declaration, generally, at a large sum ; and alleged special damage in that he was put to expense in defending himself, and that he lost time, etc. On the trial he proved these special damages. The jury found for the plaintiff a verdict for $1,000. The defendant moved for a new trial, on various grounds, which motion was denied. It is the judgment refusing the new trial that we have now to review.

1. The general principle that, in an action for malicious prosecution, there can be no recovery without a concurrence of the want of probable cause with malice, is fully recognized. If probable cause and malice are both present, there can be no recovery; if they are both absent, there can be none. In this class of actions, it is only where malice is present and probable cause is absent that there can be a recovery.

The 7th ground of the motion for a new trial complains of the charge of the court as follows: "Probable cause means nothing more than reasonable grounds. Probable cause is that apparent state of facts which seems to exist after reasonable and proper inquiry." The 8th ground complains that the court charged : "Now, whilst no man should be deterred from prosecuting a case on the criminal

side of the court, where he honestly believes, after due and proper inquiry—either upon his own knowledge, or upon reliable information furnished by others,—that a crime has been committed, yet he must not act hastily or without ordinary caution or reasonable diligence in instituting a prosecution, and if he so acted without reasonable diligence, and hastily and unreasonably, he is responsible for damages." The 9th ground complains that the court charged: " See whether the defendant acted on probable cause and without malice or not; in other words, find out what his diligence was as to this matter. Take it all into consideration and see whether he acted with ordinary care, and as a man of ordinary prudence would act under the same circumstances, or as you would act under the same circumstances." Leaving out the last member of the last sentence, "or as you would act under the same circumstances," the main objection urged against the charge, as it respects probable cause is, that it conflicts with section 2983 of the code, which section reads thus: " Want of probable cause shall be a question for the jury, under the direction of the court, and shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." It is contended that.this is exhaustive of all possible cases of the absence of probable cause ; that unless a reasonable man would not be satisfied by the circumstances that the accuser had no ground for proceeding but his. desire to injure the accused, there would be the presence of probable cause. We think this construction a mistaken one. The section declares that the question shall be one for the jury, under the direction of the court; but it does not leave the whole range of the question to the jury. It undertakes to settle an instance in which the court and jury shall recognize the absence of probable cause. That instance is, when the circumstances are such that the prosecution must be attributed solely to a desire to injure the accused. Of course, want of probable cause

exists where there is no ground but the desire to injure. That is the extreme case of legal malice. But it does not follow that if a man has no ground but the desire to benefit his grandmother, probable cause might not be absent in that instance. The absence of probable cause is to be found in every case where there is no inducement for the prosecution except the desire to injure the accused. But it does not follow that this is exhaustive of all the instances of the want of probable cause; for the desire that actuates the accuser may be one of selfish or benevolent affection, may be one of self-love or love for another, and wholly free from any independent wish to injure the accused, yet there may be absence of probable cause, and presence of legal malice. The phraseology of the code was doubtless taken from an observation of Chief Justice Tindal in Willans *vs.* Taylor, 6 Bingham, 90, in which it was said: " What shall amount to such a combination of malice and want of probable cause is so much a matter of fact in each individual case, as to render it impossible to lay down any general rule on the subject; but there ought to be enough to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." Some of the language I have quoted from the motion for a new trial may not be literally accurate, but construed in the light of the whole charge, there is no substantial error in it. It deals rather with what is probable cause than what is not; and of course the affirmative of the matter is open to consideration if the negative is. If it is proper for the jury to inquire what is not probable cause, in conducting that inquiry, it must be proper for them to consider what is probable cause.

The view of the judge below corresponds substantially with that embraced in the authorities which treat of probable cause. See 2 Add. on Torts, by Wood, §853, and notes; 3 Suth. Dam. 707; 1. Hill. Torts, 429 *et seq.*; Bacon *vs.* Towne, 4 Cush. 238, 239; Griffis *vs.* Sellars, 31 Am. Dec. 422. Cases recognizing the duty of caution, avoidance of

haste, etc., are McGum vs. Brackett, 33 Me. 331; Long vs. Rodgers, 19 Ala. 336; Shafer vs. Loucks, 63 Barb. 426; Humphries vs. Parker, 52 Me. 505, and many others.

But the latter part of the charge cannot be upheld,— that part which refers to the jury and makes them the standard of propriety. That much was error, and for that error we shall reverse the judgment of the court.

2. Before passing from the subject, however, I wish to observe that the doctrine pressed upon us in the argument, and sustained by the opinion of two members of the court of exchequer in the case of Stevens vs. The Railway Co. and Lander, 10 Exch. 352, we are unwilling to recognize as applicable to this case. It might have been properly applied to the case which was before the court at that time, because there were circumstances indicating that the charge had been trumped up, but we see nothing in this case that so indicates. The doctrine announced by Alderson, Baron, was this: "Any motive other than that of simply instituting a prosecution for the purpose of bringing a person to justice, is a malicious motive, on the part of the person who acts in that way. And it appears to me, in the present case, that the prosecution of a person for the purpose of frightening others, and thereby deter-ring them from committing depredations upon the property of the company, is not a motive of such a direct character as to afford a legitimate foundation for a criminal prosecution." And Martin, Baron, in the same case, said: " I think that the fact of the defendant, Lander, prosecuting the plaintiff, not for the purpose of punishing him, but to make an example to others, is ample evidence of malice." In so far as any general test of the right purpose of instituting a prosecution is here hinted at, it seems at variance with sound principle. The most elevated motive that can possibly be entertained for prosecuting anybody is to make an example for the benefit of the public; the next is to make an example for the benefit of individuals other than self; and the next is to make an example for the benefit

of one's self.　The bringing of anybody to justice, without regard to its effect for good by way of example, is excusable but not commendable.　The motive of the prosecution testified to in this case was a proper one, being the desire to deter others from committing crime by making an example of the alleged criminal.　But no one has a right to make any person an example unless he is guilty; and it will not do to proceed against him for example or anything else unless you believe him to be guilty, and have good and probable grounds upon which to base the opinion; but I cannot see anything to criticize in the motive of a prosecutor who candidly avows that he does not want to hurt the accused, but simply wants to make him an example to deter others.　Such a mental attitude toward offenders is that of the law itself.

3. The sixth ground of the motion for a new trial embraces a charge of the court to this effect: "In determining whether the holder of the mortgage has sustained loss, the jury can take into consideration any facts going to show that the mortgagor had other property than the mortgage from which the mortgagee could have collected the debt secured by the mortgage. For instance, if the mortgagor was solvent, and had property subject to the mortgaged debt, then a sale or other disposition of the mortgaged property would not be a violation of the law." We think this is a misconstruction of the statute. (Code, §4600.) The loss mentioned in the statute does not necessarily refer to a loss of the debt or any part of it; but if there be a fraudulent disposition of the property mortgaged, and loss of the mortgagee's security, or of the value of his security, results from it, the fraud is an offence; or if the mortgagee sustains loss by reason of having to incur expense to follow the property or discover it, in consequence of a fraudulent sale, or fraudulent disposition, we think such loss would be all the loss that the statute would require, in order to make the vendor punishable. The gist of the offence is, the fraudulent sale or disposition of the

property. All the acts and moral elements which have to come from the accused being complete, then any loss that results from those acts and moral elements will be sufficient to render the accused punishable under the statute. There could be cases, and may be cases, in which such a disposition of the property would be followed by no loss at all to the mortgagee; if he could go and levy on the property with the same facility after it is sold or disposed of as before, there is no offence; he cannot complain; he is not hurt. But if he is put to more expense in collecting his debt, or in prosecuting his remedies, it is a loss to him by reason of the wrongful and fraudulent act, and the loss is to be imputed to the mortgagor. The case was put to us: Suppose that Vanderbilt had mortgaged property and fraudulently disposed of it, would it be any offence? I accept the supposed case. If Vanderbilt or anybody else were so to act, and thereby lessen the value of the security, he would be amenable to this law. The mortgagee is entitled to his satisfaction out of the specific property, and the mortgagor has no right to throw his secured creditor on his general estate; after the mortgagee has obtained a lien on the mortgaged property, he is entitled to have his satisfaction out of it; and if the mortgagor, by fraudulently disposing of it, causes loss in the value of the security, or by way of increased expenses in the matter of realizing satisfaction out of that property, Mr. Vanderbilt, just as Mr. Allen or anybody else that does the wrongful act, would be amenable to the law. It cannot be possible that if a poor fellow fraudulently runs off or conceals his mortgaged property, and has nothing to represent it, he is guilty, and the man who has something is not, though he has done the same act with the same intent. If they both act with the same intent, if the physical and moral elements in each case are the same, and there is one dollar or one dime of loss to the creditor, they are equally amenable to the provisions of this statute. It will not do to say that a man, rich or poor, can mortgage

property and dispose of it as he pleases for the purpose of defeating the application of it to the mortgage, that is, with a view and intention of defrauding his creditor, and then turn around to him and say, "Sue me. I have plenty left. Incur the expense and submit to the delay of bringing an action against me and realizing out of my general estate." Such insolent defiance, we apprehend, was never in the contemplation of the legislature. The statute does not say loss of the whole or a part of the debt, but it says "loss." The language (code, §4600,) is, "if any person shall violate the provisions of this section, and loss is thereby sustained by the holder of the mortgage, the offender shall be deemed guilty of a misdemeanor," etc. So, we think, the charge of the court on this subject was another error committed in trying the case.

4. Another part of the charge embodied in the 6th ground of the motion is : "In Georgia, a mortgage is only a security for a debt, and passes no title. When the mortgage is foreclosed and the *fi. fa.* placed in the hands of the levying officer, it is the duty of the officer to find and levy upon the property, and there is no obligation on the part of the mortgagor to produce the mortgaged property, or to point it out; and the failure of the mortgagor either to produce to the levying officer the property, or to point it out to the officer, will not be any offence." This charge is sound law. And yet, while no offence, it may be a very strong circumstance to indicate fraud, if the mortgagor will not assist the officer to find the property. It is not a crime for him to refuse to do it, but to produce the property is a very appropriate thing for him to do. To show the officer where the property is when he comes to make a levy, is a moral duty. It is a higher style of conduct on the part of an honest debtor to do this than just to say, "Find it if you can." But it is no crime not to point it out.

5. Another part of the 6th ground of the motion for a new trial, is an exception to the charge to this effect: "In cases of this character, the injury, if any is proved to your

satisfaction, is to the peace, happiness, etc. of the plaintiff. No measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, if proved to your satisfaction, and all the attendant facts proved before you, should be weighed." (Code, §3067). The defendant submits that whether "in cases of this character, the injury is to the peace, happiness, etc. of the ·plaintiff," is a question for the jury, and not for the judge to decide in his charge. The contention is, that for the judge to classify the case was error, because it was an encroachment upon the province of the jury. We do not so consider it. The judge did not say "in this case"; but he said "in cases of this character, the injury, if any," etc. In *Ransone vs. Christian*, 49 *Ga.* 491, the charge was criticised upon the ground that the question was as to exemplary damages, and the judge said, "in this case"; but here the judge says, "in cases of this character." It was not improper to tell the jury that in cases of this character there was no exact measure of damages, if the court had not put the whole case upon that proposition. But there was error in not discriminating as to a part of the case. A part of the case was subject to this rule; but the court charged the jury, as to the whole case, that no measure of damages could be prescribed except the enlightened conscience of impartial jurors. There was a measure of damages as to a part of the case, because the plaintiff had proved his expenses in counsel fees, his loss of time, the value of his time, etc.; so that the error was in not distinguishing between the part of the case which was subject to the absolute, unlimited discretion of the jury, and the part which was confined by the evidence to sums actually proved. *Central Railroa vs. Senn*, 73 *Ga.* 705.

6. The code, §2986, declares : " The recovery shall not be confined to actual damages sustained by the accused, but shall be regulated by the circumstances of the case." That not only allows but constrains the jury to look be-

yond actual damages, and for this reason we uphold the ruling of the court admitting evidence as to the pecuniary circumstances of the defendant in the action. Such evidence, under many authorities, is admissible wherever punitive damages may be recovered ; but what we rule at present is, that it is admissible in this class of actions, where the very essence of the injury is that it proceeded from malice. We think that, under all the authorities, the pecuniary condition and worldly circumstances of the defendant may be received in evidence, to be considered by the jury, in this particular class of actions ; and the mere classification distinguishes it from the case of the *Georgia Railroad vs. Homer*, 73 *Ga.* 251. In that case, there was no absolute statutory injunction to make the damages exceed mere compensatory damages.

Wealth of defendant considered : 1 Suth. Dam. 743, 744, 745 ; 3 *Id.* 727 ; Belknap *vs.* Railroad, 49 N. H. 358 ; Johnson *vs.* Smith, 64 Me. 553 ; Humphries *vs.* Parker, 52 Me. 507–8 ; Stanwood *vs.* Whitmore, 63 Me. 209 ; Jones *vs.* Jones, 71 Ill. 562 ; McCarthy *vs.* Nisken, 22 Minn. 90 ; Winn. *vs.* Peckam, 42 Wis. 493 ; Birchard *vs.* Booth, 4 Wis. 67 ; Barnes *vs.* Martin, 15 Wis. 240 ; Hunt *vs.* The R. R. Co. 26 Iowa, 363 ; Guengereeh *vs.* Smith, 34 Iowa, 348 ; Dailey *vs.* Houston, 58 Mo. 368 ; McNamara *vs.* King, 7 Ill. 432 ; Clements *vs.* Maloney, 55 Mo. 352 ; Rowe *vs.* Moses, 9 Rich. (Law), 423. *

7. Some authorities hold (and §3067 of our code may possibly bear that construction) that, where the pecuniary circumstances of the defendant are admissible in evidence to be considered in graduating damages, those of the plaintiff are also admissible for the like purpose. This precise question need not be decided in the present case, as there was another object for which the plaintiff's pecuniary circumstances were clearly admissible, that is, to

---

* See also Hayner *vs.* Cowden, 27 Ohio St. 292; Bennett *vs.* Hyde, 6 Conn. 24; Buckley *vs.* Knapp, 48 Mo. 153; Hosly *vs.* Brooks, 20 Ill. 115; Karney *vs.* Paisly, 13 Iowa, 89.

throw light upon his dealings with the mortgaged property and the motive that actuated the same. Whilst the wealth of Vanderbilt would not screen from punishment for a fraud actually committed, it might be of great consequence in illustrating the question whether or not a fraud was intended, and also the further question whether an accuser had reason to believe that a fraud was intended.

8. Another ground of the motion for a new trial objects to a certain question put to Mrs. Allen, with reference to whether her husband on being arrested was disturbed or troubled. The objection was to the question, not to the evidence that it elicited, and we find in looking at the brief of evidence that the answer was legal, and therefore the exception to the question is of no consequence.

Judgment reversed.