## Colby v. McGee.

1. *Action for Slander.*—Slander is a malicious wrong, and an action for it has as legitimate a standing in the courts as any other action.

2. *Charge of Adultery.*—Words imputing a charge of adultery are not actionable in themselves at common law, and an action for the speaking of such words could only be maintained by averring and proving special damages.

3. *Malice Implied at Common Law.*—Malice is implied at common law from the speaking of actionable words, and general damages follow as a legal inference.

4. *Malice Implied under Statutes, etc.*—Malice is likewise to be implied from the speaking of words made actionable by statute. The effect of the statute is to increase the number of actionable words from all of which malice is to be alike implied, and recovery allowed without proof of special damages.

5. *General Damages.*—General damages include exemplary or vindictive damages.

**Memorandum.**—Action for slander. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### APPELLANT'S STATEMENT OF THE CASE.

Appellee in her declaration charges appellant with slander. The allegations, are: That on the 25th of March, 1888, in the presence of divers persons, appellant did falsely and maliciously speak of appellee the following words: "Clara isn't decent, and isn't what I thought she ought to be. Al had the mumps and they went down on him. Their first child is, in my opinion, either Charlie Turner's or Charlie Harrah's."

The appellant interposed pleas of general issue and of the statute of limitations. There were three trials. A mistrial, a new trial and the one here appealed from.

### APPELLANT'S BRIEF.

In principle, there is an essential difference between slanderous words actionable *per se* at common law, and slander

Colby v. McGee. ·

deemed actionable by our statute.   S. & C. Chap. 126, Sec. 1.   At common law, the words that are actionable *per se*, falsely charge a party with the commission of some indictable offense.   Townshend on Libel and Slander, Sec. 146; Cooley on Torts, 196.   The slander " deemed actionable " by our statute does not necessarily include the element of falsely charging a criminal offense.   If the alleged charges were true, they would not subject the defendant in error to an indictment.   Miner v. The People, 58 Ill. 59; Deppe v. The People, 9 Brad. 349.

This distinction between the common law and statutory slander, produces different legal results.   In the one case malice is implied and injury presumed and exemplary damages may be awarded; while in the latter, damages must be proven.   Starkie on Slander, 192; Townshend on Slander 309; Holmes v. Holmes, 64 Ill. 294.

GEORGE F. WICKENS, attorney for appellant.

BUCKINGHAM & SCHROLL, and W. C. JOHNS, attorneys for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*
This was an action for slander brought by the appellee against the appellant, resulting in a judgment against the appellant in the sum of $500 upon trial before jury.   The speaking of words amounting to a charge that appellee had been guilty of adultery was the slander complained of.

The only errors assigned are that the second and seventh instructions given for the appellee are erroneous and that the verdict was against the weight of the evidence in this, that under the weight of the evidence the action was barred by the statute of limitations.

The second instruction defines slander as a malicious wrong and declares that an action for slander has as legitimate a standing in courts as any other action.   The seventh instruction relates to the rule for the assessment of damages if the defendant is found guilty and advises the jury that

they are not confined to merely compensatory damages
but may, if they believe from the evidence that the defam-
atory words as charged were spoken maliciously or wan-
tonly, award damages by way of punishment to the
defendant and as an example to others.

It is contended that these instructions considered together
tell the jury that if the speaking of the words be proven malice
is to be inferred, and no actual damages need be proven,
but that vindictive damages may be properly allowed; while
appellant insists that as the words charged were actionable
only by the statute, that damages to be allowed must be
proven and that malice is not inferred.

Words imputing a charge of adultery were not actionable
at common law *per se*, and an action for the speaking of
such words could only be sustained under the common law
by averring and proving special injury or damage from the
use of the words. To remedy this unsatisfactory, and, as
some authors have denominated it, barbarous state of the law,
the legislature of our State by special statutes, made such
words actionable. Sec. 1, Chap. 126, Rev. Statutes.

Malice was implied at the common law from the speaking
of actionable words, and general damages followed as a legal
inference. General damages included exemplary or vindic-
tive damage. Newell on Slander, Sec. 1, 2 and 8, Chap. 26.

Malice is likewise, we think, to be implied from the
speaking of words made actionable by statute. The effect
of this statute is to increase the number of actionable words,
from all of which malice is to be alike implied and recovery
allowed without proof of special or actual damage. Newell
on Slander, Sec. 1, Chap. 7.

Words imputing guilt of adultery were made actionable
by Sec. 1 of Chap. 101 of our statutes of 1845, and our
Supreme Court in Hosley v. Brooks, 20 Ill. 115, ruled that
malice was to be implied from the use of such words and
also in the same case upheld an instruction which author-
ized the imposition of damages by way of punishment.

If we are right in the views expressed the instructions
are not open to the objections urged against them.

Whether the action was barred by the statute of limitations depends upon the time of the speaking of the words. This was purely a question of fact. The evidence bearing upon it was conflicting and its determination involved the credibility of some of the witnesses. It is the peculiar province of a jury to settle such a contention, and there is no reason appearing upon an examination of the testimony why we should interfere with the conclusion reached by the jury in this case.

The judgment must be and is affirmed.