33995.   TRIBBLE *v.* SMITH.

Decided June 4, 1952.

*James R. Venable, H. C. Morgan,* for plaintiff in error.

*W. Harvey Armistead,* contra.

WORRILL, J. (After stating the foregoing facts.) 1. Special grounds 4, 5, and 7, which except to excerpts from the charge on the ground that they express an opinion by the court prejudicial to the defendant are without merit. Each of these grounds takes a sentence or a part of a sentence and separates it from the remainder of the charge. An examination of the entire charge shows that the court stated no opinion prejudicial to the defendant, but properly charged the issues in the case and the contentions of the parties. In *Brown* v. *Matthews,* 79 *Ga.* 1 (4 S. E. 13), Chief Justice Bleckley said: "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall."

2. Special ground 6 was stricken from the record by counsel for the movant.

3. Special ground 8 contends that the court erred in charging the jury as follows: "In such case, no measure of damages can be prescribed except the enlightened conscience of you impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all of the attendant facts should be weighed by the jury." It is contended that this language was not authorized by the evidence, and erroneously instructed the jury that in fixing punitive damages they might consider the worldly circumstances of the defendants. There is no error. The charge was proper, since it was restricted to punitive damages and not applied to the part of the case for which there was a measure of damages. *Coleman* v. *Allen,* 79 *Ga.* 637 (5) (5 S. E. 204).

4. The evidence was sufficient to authorize the verdict; and there being no error of law, the court did not err in denying the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*