**Ben E. PRICE**

v.

**Dennis M. PATTERSON et al.**

Supreme Judicial Court of Maine.

Argued March 5, 1992.

Decided April 22, 1992.

Edward R. Benjamin, Jr. (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for plaintiff.

Peter DeTroy (orally), Norman, Hanson & DeTroy, James Hunt (orally), Sarah Allison Thornton, Robinson, Kriger, McCallum & Greene, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The plaintiff, Ben E. Price, appeals from the summary judgment entered in the Superior Court (York County, *Fritzsche, J.*) in favor of the defendants Dennis M. Patterson and Lynn Spann Bowditch; their client, Saco River Communications Corporation (Saco River); and the partners in the law firm with whom Patterson was associated in Price's action against the defendants seeking, *inter alia,* damages for the alleged malicious prosecution of Price by Patterson and Bowditch.[1] Contrary to Price's contention, the trial court properly determined as a matter of law that Patterson and Bowditch had probable cause to believe that Price had committed the offense of perjury, and we affirm the judgment.

## I.

The following factual circumstances giving rise to the present action are undisputed: Price is the president of Brad Cable Electronics (Brad Cable). In January 1985, Saco River, represented by its attorneys Patterson and Bowditch, filed a complaint against Brad Cable in the Superior Court, York County, seeking damages from Brad Cable for its alleged negligence and breach of warranty in the sale of cable television channel converters to Saco River. In the course of that litigation Saco River served written interrogatories on Brad Cable.[2] By its interrogatory number 14, Saco River requested that Brad Cable "state whether, other than the instant litigation, the Defendant is now or ever has been a party to litigation concerning in any way its sale of channel converters." On January 28, 1986, Price signed the answers to the interroga-

tories under oath with the answer "No" given in response to interrogatory 14.

On September 24, 1986, Price was deposed at the request of Saco River. The deposition notice required Price to produce at the deposition all materials within Brad Cable's possession, custody or control that related to complaints or problems by other Brad Cable customers with cable channel converters. Price produced no materials, stating that the only documents available but not produced in compliance with the notice were packing slips and invoices.

In January 1987, by a telephone call from an Arkansas attorney and copies of pleadings subsequently forwarded to him, Patterson learned that in June 1985 Brad Cable had filed an action in Arkansas for monies due from its sale of converters and in December 1985 the defendant customer in that action had filed an amended answer and counterclaim seeking damages for alleged defects in the converters. One week prior to the date Price had been deposed in the Saco River action, he had been deposed in the Arkansas case. At no time had Price filed a supplemental response to interrogatory 14 or produced any material concerning the Arkansas litigation.[3]

Based on this information, Saco River filed a motion in its pending litigation against Brad Cable seeking, *inter alia,* sanctions against Brad Cable. The motion was supported by Patterson's affidavit stating that Price had deliberately provided a false answer under oath to interrogatory 14. Brad Cable filed a memorandum in opposition to the motion, supported by Price's affidavit stating that at the time he provided the answer to interrogatory 14 to his attorney in December 1985, he was

---

1. Price concedes that he cannot prevail on the other counts in his complaint against the defendants if the trial court properly determined in his claim of malicious prosecution that Patterson and Bowditch had probable cause to believe that Price had committed perjury.

2. M.R.Civ.P. 33 requires that each interrogatory be answered separately and fully in writing and signed under oath by the person responding to the interrogatories.

3. M.R.Civ.P. 26(e) provides, in part:

**Supplementation of Responses.** A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired, except as follows:

. . . .

(2) A party is under a duty seasonably to amend a prior response if the party obtains information upon the basis of which (A) the party knows that the response was incorrect when made. . . .

unaware of the counterclaim filed in the Arkansas action and did not learn of it until January 1986. Following a hearing and the trial court's ruling on Saco River's motion, Bowditch contacted the York County District Attorney regarding her belief that Price had committed perjury.[4] Bowditch furnished the District Attorney with copies of documents filed by Saco River relating to its motion for sanctions and a transcript of that portion of the hearing before the trial court containing the argument of counsel for both parties and the court's summary of the respective position of each party regarding Saco River's motion. Neither Bowditch nor Patterson furnished the District Attorney with copies of material filed by Brad Cable in opposition to Saco River's motion.

Approximately seven months after Bowditch had contacted the District Attorney, and after an independent investigation of the matter by that office, Price was indicted for perjury by the York County grand jury. Approximately four months later, the District Attorney dismissed the indictment pursuant to M.R.Crim.P. 48(a),[5] stating as the reason for the dismissal "this is essentially a civil matter, ... and there is insufficient evidence." Following this dismissal, Price filed the present action against the defendants. After a hearing, the trial court granted the defendants' motion for summary judgment, and Price appeals.

## II.

Price contends that the trial court erred in granting the defendants' motion for summary judgment. He argues that the

failure of Bowditch and Patterson to furnish to the District Attorney a copy of his affidavit and the other documents filed by Brad Cable in response to Saco River's motion for sanctions generates a genuine issue as to whether they had probable cause to believe Price had committed perjury in his response to discovery procedures in Saco River's action against Brad Cable. We disagree.

■■■ A summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any ... show that there is no genuine issue as to any material fact ... and that any party is entitled to a judgment as a matter of law." M.R.Civ.P. 56(c). In an action for malicious prosecution the plaintiff has the burden of establishing that the defendant initiated or procured the prosecution without probable cause. See Restatement (Second) of Torts §§ 653, 672 (1977). To establish the absence of probable cause, the plaintiff must show that the defendant initiated the prosecution without reasonable grounds for believing that the party against whom the prosecution is initiated was guilty of the charged offense. See Humphries v. Parker, 52 Me. 502, 505 (1864). Reasonable grounds are grounds "sufficient to justify a man who was calm, and not governed by passion, prejudice or want of ordinary caution and care, in believing the party guilty." Bickford v. Lantay, 394 A.2d 281, 284 (Me.1978) (citing Humphries v. Parker, 52 Me. at 505). The question of probable cause is a mixed question of fact and law. "Whether the circumstances alleged to show it probable are true

---

**4.** 17–A M.R.S.A. § 451 (1983) provides, in pertinent part:

    **1.** A person is guilty of perjury if he makes:

    **A.** In any official proceedings, a false material statement under oath or affirmation, or swears or affirms the truth of a material statement previously made, and he does not believe the statement to be true;

    . . . .

    **5.** As used in this section:

    **A.** "Official proceeding" means any proceeding before a legislative, judicial, administrative or other governmental body or official authorized by law to take evidence under oath

or affirmation including a notary or other person taking evidence in connection with any such proceeding;

    **B.** "Material" means capable of affecting the course or outcome of the proceeding.

**5.** M.R.Crim.P. 48(a) provides:

The attorney for the state may file a written dismissal of an indictment, information or complaint setting forth the reasons for the dismissal and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

and existed, is a matter of fact ... [b]ut whether, supposing them true, they amount to probable cause, is a question of law for the Court." *Humphries v. Parker,* 52 Me. at 504–505.

In the instant case, there is no dispute as to the truth or existence of the circumstances that prompted Bowditch to contact the District Attorney. A plain discrepancy existed between the information in the Arkansas pleadings and Price's answer to interrogatory number 14 and his statement at the time he was deposed in the Saco River action. The information Price failed to supply involved a claim substantially similar to that made by Saco River in its action against Brad Cable. More than a year had elapsed between the date that Price claimed he had learned of the counterclaim in the Arkansas proceeding and the date that Saco River filed its motion for sanctions. During that period of time, Price offered no amendment to or explanation for his response to interrogatory 14 or his statement when deposed. Bowditch and Patterson were not obliged to believe the contents of Price's affidavit filed in response to Saco River's motion for sanctions. All documents contained in Saco River's action against Brad Cable, filed with the Superior Court, are public records and as such were available to the office of the York County District Attorney throughout the time period pertinent to the instant case. We find no error in the trial court's determination that Price failed to generate a genuine issue relating to whether Bowditch and Patterson had probable cause to reasonably believe that Price had committed perjury and that the defendants were entitled to judgment as a matter of law.

The entry is:

Judgment affirmed.

All concurring.